MATTER OF CHEN

In DEPORTATION Proceedings

A-13699390

*Decided by Board April 10, 1964*

Since an indeterminate sentence is a sentence for the maximum term, respondent's sentence under section 1168a, California Penal Code, to imprisonment for an offense punishable under applicable California statute by imprisonment from 6 months to 10 years, is a sentence to confinement for a year or more within the meaning of section 241(a)(4), Immigration and Nationality Act.

CHARGES:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251]—Convicted of crime involving moral turpitude, committed within five years of entry, and sentenced to imprisonment for year or more, to wit: Grand theft (1963).

Lodged: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251]—Nonimmigrant (temporary visitor)—Failed to comply with conditions of status.

The special inquiry officer, in a decision dated December 10, 1963, directed that the respondent be deported from the United States to Hong Kong on the lodged charge only. The trial attorney has appealed to this Board from that decision, urging that the charge stated in the order to show cause should also have been sustained.

The record relates to a married female alien, a native of Hong Kong, British Crown Colony, and a subject of Great Britain. She entered the United States for the first, last and only time on or about March 9, 1963. She was then admitted as a nonimmigrant temporary visitor for a period until September 8, 1963. However, on or about July 6, 1963, she was arrested at San Francisco, California, and charged with violations of sections 182 and 487 of the Penal Code of the State of California. She was subsequently convicted, on October 11, 1963, in the Superior Court of the State of California, in and for the City and County of San Francisco, of the offense of grand theft, in violation of section 487 of the Penal Code of California, the crime having been committed on or about May 28, 1963.

The special inquiry officer has sustained the charge of deportability lodged at the hearing on the basis of a prior precedent decision of this

671

Board (*Matter of A—*, 6 I. & N. Dec. 762). We therein held that an alien in the United States as a temporary visitor for pleasure who was convicted of an offense and sentenced to confinement as a result thereof was no longer pursuing the purpose for which he was admitted and was, therefore, out of status within the purview of section 241(a)(9) of the Immigration and Nationality Act, *ante*. The foregoing facts of record bring this case clearly within the scope of that decision. In the light thereof, we agree with the special inquiry officer that the charge lodged at the hearing is sustained.

The crime of grand theft of which the respondent stands convicted, *ante*, involves moral turpitude (*Matter of V–T–*, 2 I. & N. Dec. 213 at 214). Her crime was committed on or about May 28, 1963, which is within five years of her last entry on or about March 9, 1963. She has been confined since her conviction, but the period thereof does not yet amount to one year. The only issue before us, therefore, is whether the respondent has been sentenced to confinement "for a year or more."

Upon her foregoing conviction, the respondent was sentenced to imprisonment in the California State Prison, for the term provided by law, and was thereafter ordered delivered to the superintendent of the California Institution for Women at Corona, California. This action was in accord with section 1168a of the California Penal Code, which reads:

Every female convicted of a public offense, for which imprisonment in any State prison is now prescribed by law shall, unless such convicted female is placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced to detention at the California Institution for Women, but the court in imposing the sentence shall not fix the term or duration of the period of detention.

Under such a statute, the judgment of the court properly consists of a recital of the offense, a designation of the prison to which the defendant is committed, and nothing more (*People v. Mendosa*, 178 C. 590, 173 P. 998). Thus, the failure of the judgment to have included the phrase "as provided by law" would not have rendered the order of commitment invalid (*People v. Youders*, 96 C.A. 2d 562, 215 P. 2d 743).

The extent of "the term provided by law" as applied to this case is determined by sections 489 and 18b of the California Penal Code. The former makes grand theft punishable by imprisonment in the county jail for not more than one year or in the State prison for not more than ten years. The latter, a minimum term statute of general application, provides that the duration of the respondent's period of detention may be as short as six months (see *In re Humphrey*, 64 C.A. 572, 22 P. 366).

The crux of this case, therefore, is whether under California law

672

the minimum or maximum limit of an "indeterminate sentence" of from six months to ten years is determinative. In the light of the following authorities, we hold that it is a sentence for the maximum term.

The courts of California have uniformly held that an indeterminate sentence under section 1168 of the California Penal Code is in legal effect a sentence for the maximum term (*People* v. *Lumbley*, 68 P.2d 354). In so doing, they have pointed out that the statutes dealing with the Indeterminate Sentence Law do not infringe the right of due process of law because the judgment pursuant thereto is in legal effect a sentence for the maximum term and is, therefore, certain and definite (*In re Bandamann*, 51 C.2d 388, 333 P.2d 339) rather than being unconstitutional as "void for vagueness" (*People* v. *Leiva*, 285 P.2d 46). They have also pointed out that the pronouncing of sentence thereunder is a judicial act; that the punishment which the sentence pronounces comes from the law itself, and is established or provided for by the legislature; and that the act does not confer upon the Board of Trustees of the California Institution for Women (post) the right to determine the punishment that any given crime shall bear (*In re Larsen*, 283 P.2d 1043).

The foregoing is consistent with federal court rulings (see *U.S. ex rel. Paladino* v. *Commissioner*, 43 F. 2d 821) to the effect that indeterminate sentences have long been held to be sentences for the maximum term for which the defendant might be imprisoned. In so ruling, the courts have pointed out that this is the construction not only placed upon sentences where a maximum and minimum period of imprisonment appears in the sentence, but also upon sentences where no term is mentioned and the statute sets the maximum. The said courts have also pointed out that such sentences afforded a basis for deportation under section 19 of the Act of February 5, 1917 (former 8 U.S.C. 155) even though a duly designated administrative authority might subsequently greatly diminish, indeed almost totally abate, the period of imprisonment. They have given as the reason for their decisions the fact that in all such cases the defendant could be brought back and required to serve the remainder (maximum) of his sentence.

It is also consistent with the following precedent decisions of this Board to the effect that an indeterminate sentence is measured by the possible maximum term of imprisonment. One of these (*Matter of R—*, 1 I. & N. Dec. 209) involved an alien convicted of assault with a deadly weapon under the law of Utah; the sentence imposed was "for the indeterminate term as prescribed by law;" the statute provided for imprisonment not to exceed five years, or by fine not to exceed $1,000, or by both; with no minimum apparently being set therein. Another (*Matter of R—*, 1 I. & N. Dec. 540) concerned an alien con-

victed, *inter alia*, of petty larceny; he was sentenced to imprisonment in the penitentiary of the County of New York, there to be dealt with according to law; and the statute under which he was convicted prescribed a term of imprisonment not to exceed three years.

It is not inconsistent with the prior precedent decision of this Board (*Matter of V—*, 7 I. & N. Dec. 577). relied on by the special inquiry officer. In that case, the court, instead of imposing sentence and suspending its execution, suspended the imposition of the sentence. This was not the case here.

Support for our conclusion, if such is necessary, is found in the procedural provisions of the California Penal Code pertinent to the sentencing of this female offender, and the judicial decisions clarifying same. Thus, section 3325 of the Penal Code imposes the duty of fixing the terms of imprisonment for female convicts, within the foregoing minimum and maximum limits, by the Board of Trustees of the California Institution for Women. As is the case with the Adult Authority, which is responsible for adult male convicts under section 3020 of the Penal Code, that board determines and redetermines, after the expiration of six months from and after the actual commencement of imprisonment, what length of time the convict shall be imprisoned. However, there is no time prescribed within which the prisoner's sentence must be fixed or even considered (*In re Quinn*, 25 C.2d 799, 154 P.2d 875), so that if no such action is taken the term is the maximum. If, on the other hand, such action is taken and the term set at less than the maximum, it is only tentative and may be changed, i.e.—increased (*In re Costello*, 262 F.2d 214). In this connection, the subsequent fixing of the actual term of imprisonmnet by the duly designated administrative authority is merely a limitation of the term and not a setting thereof (*In re Daniels*, 106 C.A. 43, 288 P.1109), otherwise the statute would be unconstitutional as conferring judicial powers on a non-judicial body (see *People v. Kostal*, 159 C.A.2d 444, 323 P.2d 1020).

Finally, as pointed out by the special inquiry officer, under the circumstances herein before outlined the respondent is not presently eligible for any form of discretionary relief. Her deportation, therefore, is required.

ORDER: It is ordered that the Service appeal be and the same is hereby sustained.

*It is further ordered* that the respondent be deported from the United States to Hong Kong on the charge contained in the order to show cause as well as on the lodged charge.