# MATTER OF SANCHEZ-LINN

In Deportation Proceedings

A-23035383

*Decided by Board July 30, 1991*

(1) An applicant for registry under section 249 of the Immigration and Nationality Act, 8 U.S.C. § 1259 (1988), must establish that he (a) entered the United States prior to January 1, 1972; (b) has had his residence in the United States continuously since such entry; (c) is a person of good moral character; and (d) is not ineligible to citizenship.

(2) In order for an applicant for registry to meet his burden of proving that he is at present a person of good moral character, he must show that he has been such for a reasonable period of time preceding the application.

(3) The greater the gravity of an alien's past misconduct, the longer the period of intervening good conduct must be before an applicant for registry may be able to meet his burden of establishing that he is now a person of good moral character.

(4) Applicants who have engaged in conduct within the scope of any of the provisions of section 101(f) of the Act, 8 U.S.C. § 1101(f) (1988), may be required to present compelling evidence that their character has changed.

(5) An applicant for registry can also be denied such relief in the exercise of discretion.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Patricia Vargas, Esquire
Ramos & Associates
2500 Wilshire Boulevard, Suite 1150
Los Angeles, California 90057

ON BEHALF OF SERVICE:
William Kiang
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated October 29, 1990, an immigration judge found the respondent deportable as charged, denied his application for registry, and ordered him deported to Mexico. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 33-year-old married, male native and citizen of Mexico. He is charged with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988). During deportation proceedings, the respondent, through counsel,

admitted the truth of the allegations contained in the Order to Show Cause and Notice of Hearing (Form I-221) and conceded deportability. The issue in this case concerns the respondent's eligibility for registry as a lawful permanent resident under section 249 of the Act, 8 U.S.C. § 1259 (1988).

Section 249 provides in pertinent part as follows:

A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application ... if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible ... under section 212(a) insofar as it relates to criminals, procurers and other immoral persons ... and he establishes that he—

(a) entered the United States prior to January 1, 1972;

(b) has had his residence in the United States continuously since such entry;

(c) is a person of good moral character; and

(d) is not ineligible to citizenship.

On August 30, 1983, the respondent was convicted of voluntary manslaughter and attempted murder in the second degree in the Superior Court of Los Angeles, California. The offenses occurred on May 10, 1981. The respondent used a firearm without a license in the commission of the offenses. On December 30, 1983, the court sentenced the respondent to imprisonment for 11 years. The respondent was released from state prison to the custody of the Immigration and Naturalization Service on November 2, 1988, after having served 5 years and 11 months. Upon his release from prison the respondent was placed on parole for 3 years.

The respondent is employed as a welder, supports his two United States citizen children from a prior marriage, and is married to a United States citizen. In a letter dated May 30, 1990, a medical doctor stated that the respondent's wife is suffering from hyperplasia of the uterus, which is a precancerous condition, and that the respondent has provided moral support. The respondent's mother is a lawful permanent resident. During the hearing the respondent's mother and wife testified on his behalf.

The immigration judge found that the respondent had failed to establish good moral character in light of his conviction of two serious crimes involving moral turpitude, the length of time of his imprisonment, and the fact that he is currently on parole. He thus denied the application for registry.[1]

The respondent appeals from the immigration judge's decision. He

---

[1] The Service conceded that the respondent entered the United States before January 1, 1972, and had his residence in the United States continuously since his entry.

notes that an applicant for registry need only demonstrate that he "is" a person of good moral character. As section 249 does not specify a fixed period of time during which an applicant must show that he has been such a person, the respondent argues that he is not statutorily precluded from establishing good moral character for section 249 purposes. He states that the only adverse factor in this case is his 1983 conviction and subsequent incarceration; that this single incident was an isolated act and does not establish a pattern of crime and violence; that he has expressed remorse and taken affirmative steps in his rehabilitation; that he has become employed; that he has sought to reestablish a relationship with his children and provide them with economic support; and that he is providing moral support to his present wife in dealing with her precancerous condition. He contends that he has established that he is presently a person of good moral character.

The Service submits that the respondent is statutorily barred from establishing good moral character. In its prehearing brief, the Service argued that in the absence of a specified period of time required for proof of good moral character in section 249, a reasonable and uniform requirement should be construed. The Service notes various provisions of the Act that require applicants for relief from deportation and naturalization to establish good moral character for a specified period of time, and it submits that Congress has never intended registry to be an "easy relief for criminal aliens to *circumvent* the stringent requirement of proof of good moral character over a specified period of time." The Service contends that, "[i]n light of the intent of Congress," the required time should be from the date Congress last designated as the latest cutoff date of entry into the United States (i.e., January 1, 1972).[2] Alternatively, the Service asserts that the reasonable time "should not be any less than the most lenient requirement for voluntary departure, i.e. at least five years."

In addition to establishing other eligibility requirements, an applicant for registry has the burden of proving that he "is" a person of

---

[2] Congress provided the relief of registry to legalize the status of aliens of long-term residence who had entered improperly before a designated date, or whose entry record could not be found. *See Mrvica v. Esperdy*, 376 U.S. 560, 569 (1964) (Goldberg, J., dissenting). Registry originated with the Act of March 2, 1929, ch. 509, 45 Stat. 1495. It originally related to aliens who had arrived before the enactment of the quota provisions of the Act of May 19, 1921, ch. 8, 42 Stat. 5. The Nationality Act of 1940, ch. 876, 54 Stat. 1137, advanced the controlling date to July 1, 1924. In 1958 the cutoff date was changed to June 28, 1940, and in 1965 it was again advanced to June 30, 1948. *See* 2 C. Gordon & S. Mailman, *Immigration Law and Procedure* § 54.01 (rev. ed. 1991). The Immigration Control and Reform Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, made registry available to aliens who have resided continuously in the United States since January 1, 1972.

good moral character at the time the application for relief is made. The statute does not require that an applicant for relief establish that he has been such a person for any specified prior period of time. Unlike an applicant for registry, an applicant for suspension of deportation under section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1) (1988), is required to establish that "he was and is" a person of good moral character for 7 years immediately preceding the application for such relief. An alien who has been convicted of a crime involving moral turpitude can still apply for suspension of deportation under section 244(a)(2) of the Act but he must show that he "has been and is" a person of good moral character for a continuous period of not less than 10 years immediately following the conviction of the crime. *Matter of Lozada*, 19 I&N Dec. 637 (1988). An applicant who is applying for voluntary departure under section 244(e) of the Act must also prove that he "is and has been" a person of good moral character for at least 5 years immediately preceding the application. Thus, the statutory language regarding suspension of deportation and voluntary departure specifically requires an applicant to establish that he "was and is" a person of good moral character while registry only requires that a person establish that he "is" a person of good moral character. In view of the specific language of the Act, a mandatory set period during which good moral character must be established prior to the filing of an application for registry cannot simply be grafted onto the requirements of section 249.

However, the evaluation of a registry applicant's claim that he is at present a person of good moral character obviously requires an examination of his past conduct. It has previously been stated that an applicant for registry must show good moral character for a "reasonable period of time" preceding the application. *See Matter of De Lucia*, 11 I&N Dec. 565, 575 (BIA 1966), *aff'd, De Lucia v. INS*, 370 F.2d 305 (7th Cir. 1966), *cert. denied*, 386 U.S. 912 (1967); *Matter of P-*, 8 I&N Dec. 167 (R.C. 1958). That is, in order for a respondent to meet his burden of proving that he is at present a person of good moral character, he must show that he has been such for a reasonable period of time. What is a "reasonable period of time" will vary depending on the specific facts of a case. However, we note that in evaluating an individual's character, evidence (both favorable and adverse) regarding an applicant's conduct throughout the course of his lifetime may be relevant. *See, e.g.*, section 316(e) of the Act, 8 U.S.C. § 1427(e) (1988); *United States v. Fedorenko*, 455 F. Supp. 893, 917 (S.D. Fla. 1978), *rev'd on other grounds*, 597 F.2d 946 (5th Cir. 1979), *aff'd*, 449 U.S. 490 (1981). Further, the greater the gravity of an individual's past misconduct, the longer the period of intervening good conduct must be before an applicant for registry may be able to satisfactorily meet his burden of establishing that he is now a person of good moral character.

365

Moreover, applicants who have engaged in conduct within the scope of any of the provisions of section 101(f) of the Act, 8 U.S.C. § 1101(f) (1988), may be required to present compelling evidence that their character has changed.

We agree with the immigration judge that this respondent has failed to adequately establish his good moral character. In 1983, he was convicted of voluntary manslaughter and attempted murder. These are two extremely serious crimes involving moral turpitude. *See Matter of Wojtkow*, 18 I&N Dec. 111 (BIA 1981); *Matter of Rosario*, 15 I&N Dec. 416 (BIA 1975); *Matter of Ghunaim*, 15 I&N Dec. 269 (BIA 1975); *Matter of Awaijane*, 14 I&N Dec. 117 (BIA 1972); *Matter of Ptasi*, 12 I&N Dec. 790 (BIA 1968); *see also* sections 101(f)(3) and (8) of the Act. Moreover, the respondent has been incarcerated for over 5 of the past 8 years and is presently on parole. *See* section 101(f)(7) of the Act; *Matter of Valdovinos*, 18 I&N Dec. 343 (BIA 1982); *Matter of Zangwill*, 18 I&N Dec. 22 (BIA 1981); *see also Matter of Gantus-Bobadilla*, 13 I&N Dec. 777 (BIA 1971) (regarding decisions dealing with good moral character while on parole). While these facts do not bar the respondent from establishing good moral character as a matter of law, they raise grave concerns regarding his present character, as he has clearly deviated from acceptable moral standards in the past in the most profound way. We have considered the evidence that the respondent contends demonstrates his present good moral character, but on the record before us we are not satisfied that he has made such a showing in the face of his serious past misconduct. The respondent characterizes his criminal activity as a "tragic incident" that stemmed from an isolated act and was not part of a practice of crime and violence. We have long held that good moral character does not mean moral excellence and that it is not destroyed by "a single lapse." *Matter of B-*, 1 I&N Dec. 611 (BIA 1943). However, the seriousness of these crimes is such that we can not characterize them as mere "lapses" of good character. On this record, we would require compelling proof of change of character before we would be satisfied that this respondent is now a person of good moral character, and we do not find such evidence before us.

We also deny the application for registry in the exercise of discretion. The respondent's crimes were particularly heinous. He was convicted of voluntary manslaughter and attempted murder. Moreover, as the Service points out, the respondent was sentenced to 2 additional years in prison for his use of a firearm in connection with his crimes. The respondent served 5 years and 11 months in state prison and he is still on parole.

In reaching our decision we have considered the respondent's brief on appeal and the positive factors in his favor. The respondent is

employed, and he provides support to his two United States citizen children. He has resided in the United States since 1969 and provides moral support to his lawful permanent resident mother and United States citizen wife who has a medical problem. The respondent has also expressed remorse for his crimes.

We do not find, however, that the respondent has demonstrated that the positive factors on his behalf outweigh the heinous crimes of manslaughter and attempted murder. Therefore, he has not demonstrated that he merits a favorable exercise of discretion. The respondent's application for a waiver of his conviction under section 212(h) of the Act, 8 U.S.C. § 1182(h) (1988), is moot since he fails to qualify for registry. *See Matter of De Lucia, supra.* Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.