UNITED STATES of America, Appellee,

v.

**Richard Joseph BAUER, Appellant.**

No. 92–2102.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1992.

Decided April 1, 1993.

Rehearing Denied May 6, 1993.

Clarence J. May (argued), Dubuque, IA, for appellant.

Rodger E. Overholser (argued), Daniel C. Tvedt (on the brief), Asst. U.S. Atty., Cedar Rapids, IA, for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

On December 18, 1991, Richard Joseph Bauer was charged in a one count indictment with distribution of lysergic acid diethylamide (LSD). On May 8, 1992, following the entry of Bauer's guilty plea, the district court[1] found Bauer to be a career offender under the United States Sentencing Guidelines § 4B1.1, based on a prior conviction for delivery of LSD and a prior conviction for statutory rape. Bauer was sentenced to 210 months incarceration, followed by a six year term of supervised release. Bauer now appeals the finding that he was a career offender, contending that the crime of statutory rape was not a "crime of violence" and cannot be used as a predicate offense to trigger section 4B1.1.

Section 4B1.1 of the Guidelines provides for a significant sentence enhancement if the district court determines that the defendant fits the definition of a career offender. A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

The Guidelines define a "crime of violence" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or ... presents a serious potential risk of physical injury to another." *Id.* at § 4B1.2(1)(i) and (ii).

The issue in this case centers on the question of whether Bauer's conviction for statutory rape is a crime of violence within the Guidelines' definition. Bauer contends that the sexual intercourse was consensual and therefore cannot be a crime of violence. Whether statutory rape is a violent crime is a legal, rather than a factual, determination and therefore is reviewed de novo. *United States v. Rodriguez*, 979 F.2d 138, 140 (8th Cir.1992).

At the time of Bauer's conviction, statutory rape in the state of Iowa fell within the ambit of the general definition of rape under Iowa Code § 698.1 (repealed 1976) (current version at Iowa Code § 709.4). Section 698.1 provided:

If any person ravish and carnally know any female by force or against her will, or if any person carnally know and abuse any female child under the age of sixteen years, or if any person over the age of twenty-five years carnally know and abuse any female under the age of seventeen years, he shall be imprisoned in the penitentiary for life, or any term of years, not less than five.

Our decision in this case is controlled by an earlier ruling by this court, which concluded that the commission of lascivious acts with a child in violation of Iowa Code § 709.8 constitutes a "crime of violence" for purposes of sentencing enhancement under U.S.S.G. § 2L1.2(b)(2).[2] In *United*

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

2. U.S.S.G. § 2L1.2(b)(2) provides, "[i]f the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels." "Aggravated felony" is defined as "any crime of violence (as defined in 18 U.S.C. § 16 ...) for which the term of imprisonment imposed ... is at least five years." *Id.* at § 2L1.2, commentary note 7. 18 U.S.C. § 16 defines "crime of violence," in part, as any offense "that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

While section 2L1.2(b)(2) is different from the applicable enhancement provision in the instant case, any distinction is without consequence to our decision herein.

*States v. Rodriguez, supra,* 979 F.2d 138 (8th Cir.1992), this court rejected the defendant's request to consider the underlying facts of the predicate offense, namely that the acts with the child were consensual and did not involve physical violence, in determining whether the offense involved conduct that presented a serious potential risk of physical force. Rather, the court held,

> [A] sentencing court is not required to consider the underlying circumstances at the time of the crime in determining that a defendant has been convicted of a "crime of violence." Indeed, the term "by its nature" would be rendered superfluous if the sentencing courts were saddled with the task of examining each individual offense committed to determine whether it actually involved substantial risk of physical force.

*Id.* at 140–41 (citation omitted). Instead, the court reasoned,

> [I]t is the *nature* of the crime upon which we must focus our attention. All crimes which by their nature involve a substantial risk of physical force share the *risk* of harm. It matters not one whit whether the risk ultimately causes actual harm. Our scrutiny ends upon a finding that the risk of violence is present.

*Id.* at 141 (citation omitted). The court concluded that there is no question that the crime of lascivious acts with children is, by its nature, a crime of violence.

The *Rodriguez* decision dictates a finding by this panel that the prior crime for which Bauer was convicted, sexual intercourse with a female child under the age of 16, in violation of Iowa Code. § 698.1, is also a crime of violence for enhancement purposes.

Accordingly, the judgment of the district court is affirmed.