# MATTER OF REYES

## In Deportation Proceedings

### A-90389903

*Decided by Board April 28, 1994*

(1) Although an alien convicted of an aggravated felony is not precluded from applying for suspension of deportation, he must still satisfy each of the statutory requirements for such relief, including a showing of good moral character.

(2) Section 101(f)(8) of the Immigration and Nationality Act, 8 U.S.C. § 1101(f)(8) (1988), previously barred a finding of good moral character in the case of an alien who at any time had been convicted of the crime of murder; however, section 101(f)(8) of the Act was recently amended and now bars a finding of good moral character in the case of an alien "who at any time has been convicted of an aggravated felony (as defined in section 101(a)(43))."

(3) If an alien is convicted of murder, regardless of the date of the conviction, he is forever precluded from establishing his good moral character under section 101(f)(8) of the Act.

(4) If an alien is convicted of an aggravated felony other than murder, as that term is defined in section 101(a)(43) of the Act, he is now forever barred from establishing his good moral character under section 101(f)(8) of the Act if the aggravated felony conviction occurred on or after November 29, 1990.

(5) Section 244(e)(2) of the Act, 8 U.S.C. § 1254(e)(2) (1988), expressly and forever bars voluntary departure to an alien who is deportable because of a conviction for an aggravated felony if the aggravated felony conviction occurred on or after November 18, 1988.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:  
Pro se

ON BEHALF OF SERVICE:  
Wayne Kimball  
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members

In a summary decision dated July 15, 1993, an immigration judge found the respondent, a lawful permanent resident, deportable on the

above-noted charges, determined he had made no application for relief from deportation, and ordered him deported to Mexico, his country of citizenship. The respondent has appealed.[1] The appeal will be dismissed.

At the deportation hearing, the respondent admitted that on November 7, 1991, he was convicted in the District Court, First Judicial District, Cimarron County, Oklahoma, of both murder in the second degree, for which he was sentenced to a period of confinement of 30 years, and assault and battery with a dangerous weapon, for which he received a sentence of imprisonment of 10 years, the imposition of which was suspended. Both of the respondent's convictions are for crimes that constitute aggravated felonies for purposes of the immigration laws. *See* section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (Supp. IV 1992); *see generally Matter of A-A-*, 20 I&N Dec. 492 (BIA 1992). Based on the evidence presented, we find, as did the immigration judge, that the respondent is deportable as charged. *See Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1993).

On appeal, the respondent states, apparently in an effort to demonstrate his eligibility for relief from deportation, that he has resided in the United States since 1975, his entire family lives here as well, he has no family to return to in Mexico, and his life would be jeopardized if he returns to his homeland.

The record reflects that the respondent adjusted his status to that of lawful permanent resident on December 1, 1990. Inasmuch as 7 years have not yet elapsed since his acquisition of lawful permanent resident status, the respondent cannot satisfy the necessary 7-year period of lawful unrelinquished domicile so as to statutorily qualify for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. IV 1992). Therefore, he is statutorily ineligible for a waiver under section 212(c) of the Act.

Although the immigration laws also allow the Attorney General to grant voluntary departure to certain deportable aliens who otherwise qualify, the Act now expressly and forever bars such relief to an alien, who like the respondent here, is deportable because of a conviction for an aggravated felony. *See* section 244(e)(2) of the Act, 8 U.S.C. § 1254(e)(2) (1988).[2]

Suspension of deportation is another form of relief available to

---

[1] The respondent's request to waive the appellate filing fee is hereby granted.

[2] The aggravated felony bar to voluntary departure was added to the Act by section 7343 of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181, 4470, and applies to aliens who have been convicted on or after November 18, 1988, of an aggravated felony.

aliens who have lived in this country a number of years and who otherwise qualify. *See* section 244(a) of the Act. In order to establish statutory eligibility for such relief, however, an alien who is deportable as a criminal alien under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (Supp. IV 1992), including an alien deportable under section 241(a)(2)(A)(iii) of the Act for having been convicted of an aggravated felony, must demonstrate that he has been physically present in the United States for a continuous period of not less than 10 years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation; that during all of such period he has been and is a person of good moral character; and that his deportation would result in exceptional and extremely unusual hardship to himself or his spouse, parent, or child who is a citizen or lawful permanent resident of the United States. *See* section 244(a)(2) of the Act.[3]

Thus, unlike voluntary departure, the Act does not expressly bar an alien who is deportable because of a conviction for an aggravated felony from eligibility for suspension of deportation. Instead, such an alien must satisfy each of the requirements of section 244(a)(2) of the Act, including a showing of good moral character, in order to establish initial statutory eligibility for suspension of deportation.

In examining the definition of good moral character, we note that section 101(f) of the Act, 8 U.S.C. § 1101(f) (1988), establishes eight specific circumstances in which an alien is precluded from demonstrating his good moral character as a matter of law. *See generally Matter of Awaijane*, 14 I&N Dec. 117 (BIA 1972). In most of the categories, the proscribed conduct has to occur during the statutory period required by the Act. Since the Act's inception, however, the eighth category has barred a finding of good moral character in the case of "one who *at any time* has been convicted of the crime of murder." Section 101(f)(8) of the Act (emphasis added); *Matter of Awaijane, supra*, at 120; *see also Matter of Sanchez-Linn*, 20 I&N Dec. 362 (BIA 1991). This provision has now been amended. In 1990, Congress passed the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (effective Nov. 29, 1990) ("1990 Act"), which provides in pertinent part:

---

[3]The requirements of section 244(a)(2) of the Act also apply to aliens who are deportable under section 241(a)(3) of the Act (failure to register and falsification of documents), as well as section 241(a)(4) of the Act (security and related grounds). By contrast, an alien deportable under any other section of the Act must demonstrate only that he has been physically present in the United States on a continuous basis for a period of not less than 7 years immediately preceding the date of his application for such relief, that he has been a person of good moral character for the same period, and that his deportation would result in extreme hardship to himself or the same qualifying relatives mentioned above. *See* section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1).

SEC. 509. GOOD MORAL CHARACTER DEFINITION.

(a) IN GENERAL.—Section 101(f)(8) (8 U.S.C. § 1101(f)(8)) is amended by striking "the crime of murder" and inserting "an aggravated felony (as defined in subsection (a)(43))".

*See* section 509(a) of the Immigration Act of 1990, 104 Stat. at 5051. Thus, by this amendment Congress deleted the specific reference to murder previously found in section 101(f)(8) of the Act, and instead extended that section's reach to preclude a finding of good moral character in the case of one who at any time has been convicted of "an aggravated felony (as defined in subsection(a)(43))."[4] *Id.* Section 509(b) of the 1990 Act provided that the above-noted revision to section 101(f)(8) of the Act was to take effect upon the date of enactment of the legislation, i.e., November 29, 1990, and was to apply prospectively to convictions occurring on or after that date. We note, however, that section 509(b) of the Immigration Act of 1990 was subsequently revised to specifically clarify that an alien's conviction for murder continues to be considered a bar to good moral character, regardless of the date of the conviction. *See* section 306(a)(7) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1751.[5] Hence, if an alien is convicted of murder at any time, he is forever precluded from establishing his good moral character under section 101(f)(8) of the Act. Similarly, if an alien is convicted of any other aggravated felony, as that term is defined in section 101(a)(43) of the Act, he is forever barred from establishing his good moral character under section 101(f)(8) of the Act if the aggravated felony conviction occurred on or after November 29, 1990.

In the instant case, the record reflects that the respondent was convicted on November 7, 1991, of murder in the second degree, an aggravated felony for purposes of the immigration laws. As such, he is clearly precluded from establishing his good moral character under

---

[4] As murder is specifically included in the definition of "aggravated felony" under section 101(a)(43) of the Act, the 1990 revisions to section 101(f)(8) of the Act clearly and significantly broadened the class of individuals who are now forever precluded from establishing their good moral character.

[5] We also note that a widely circulated publication, *Immigration and Nationality Act with Notes and Related Laws*, prepared for the use of the Committee on the Judiciary of the House of Representatives, incompletely, and therefore incorrectly, identifies the effective date of the 1990 revision to section 101(f)(8) of the Act. *See* House Comm. on the Judiciary, 102d Cong., 2d Sess., *Immigration and Nationality Act with Notes and Related Laws* 25 n.37 (Comm. Print, 9th ed. 1992). To reiterate, the 1990 amendment to section 101(f)(8) of the Act applies to a conviction for an aggravated felony, as defined in section 101(a)(43) of the Act, occurring on or after November 29, 1990, except with respect to a conviction for murder, which shall be considered a bar to good moral character regardless of the date of the conviction.

section 101(f)(8) of the Act. The record further reflects that the respondent was convicted on the same day of assault and battery with a dangerous weapon, also an aggravated felony for purposes of the immigration laws. As his conviction for this aggravated felony occurred after November 29, 1990, he is also by this reason precluded from establishing his good moral character under the new language of section 101(f)(8) of the Act. Since the respondent cannot, as a matter of law, establish his good moral character, he cannot demonstrate his statutory eligibility for suspension of deportation.

On appeal, the respondent also states that his criminal behavior was in actuality an act of self-defense. As the respondent does not elaborate further, it is not altogether clear why he is advancing this claim in the instant proceedings. To the extent he is challenging his deportability, we note that it is well settled that neither this Board nor the immigration judge has the power to adjudicate the validity of a conviction underlying deportation proceedings. See Zinnanti v. INS, 651 F.2d 420 (5th Cir. 1981); Ocon-Perez v. INS, 550 F.2d 1153 (9th Cir. 1977). Immigration authorities must look to the judicial record and may not go beyond it to determine guilt or innocence. Longoria-Castenada v. INS, 548 F.2d 233 (8th Cir.), cert. denied, 434 U.S. 853 (1977); Aguilera-Enriquez v. INS, 516 F.2d 565 (6th Cir. 1975), cert. denied, 423 U.S. 1050 (1976); see Matter of Danesh, 19 I&N Dec. 669 (BIA 1988); Matter of Khalik, 17 I&N Dec. 518 (BIA 1980); Matter of Fortis, 14 I&N Dec. 576 (BIA 1974). Until a conviction is overturned, it serves as an adequate basis for a deportation order. See Matter of C-, 8 I&N Dec. 611 (BIA 1960). There is nothing in the record to establish that the respondent's convictions have been overturned. Therefore, he remains deportable as charged.

Since the respondent is deportable as charged and there is no relief for which he might qualify notwithstanding the equities now articulated, we have no choice but to dismiss the appeal. Accordingly, the appeal will be dismissed.[6]

**ORDER:**   The appeal is dismissed.

---

[6]In light of our disposition of this case, we deny the request of the Service to summarily dismiss the respondent's appeal.