68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thyrone Lee PERDUE, Defendant-Appellant.
 No. 94-5715.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 25, 1995.
Decided: October 17, 1995.
 
 Frederick A. Rowlett, TATE, LOWE & ROWLETT, Abingdon, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, VA, for Appellee.
 Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thyrone Lee Perdue entered a guilty plea to possession of a firearm by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995), and received a sentence of 38 months imprisonment. He contends on appeal that the district court erred in finding that his prior Virginia conviction for statutory rape was a crime of violence and enhancing his guideline sentence as a result. We affirm.
 
 
 2
 The guideline section applicable to a Sec. 922(g)(1) conviction provides a base offense level of 20 if the defendant has one prior felony conviction which is a crime of violence or a controlled substance offense. Otherwise, the base offense level may be lower. USSG Sec. 2K2.1(a)(4)(A).[1] Perdue was convicted by a jury of statutory rape of a fourteen-year old girl in 1988.[2] The offense occurred while Perdue was working as a counselor at an adolescent group home. He was forty-one years old and the victim was fourteen. The district court determined that statutory rape is a crime of violence after considering two Eighth Circuit decisions holding that Iowa convictions for statutory rape and lascivious acts with a child were crimes of violence, and two Virginia cases construing the Virginia statute. See United States v. Bauer, 990 F.2d 373, 375 (8th Cir.1993); United States v. Rodriguez, 979 F.2d 138, 141 (8th Cir.1992); Buzzard v. Commonwealth, 114 S.E. 664 (Va.1922) (constructive force present when female under age of consent gives consent); Rainey v. Commonwealth, 193 S.E. 501 (Va.1937) (consent of 14-year old is no defense).
 
 
 3
 The term "crime of violence," as used in guideline section 2K2.1(a)(4)(A), is defined in section 4A1.2 and the relevant portion of application note 3 of the commentary to section 4A1.2 as a forcible sex offense or any offense which "by its nature, presented a serious potential risk of physical injury to another." USSG Sec. 2L1.2, comment. (n.5).
 
 
 4
 The determination as to whether an offense is a crime of violence "by its nature" is a question of law. United States v. Aragon, 983 F.2d 1306, 1311 (4th Cir.1993). In making its determination, the district court should use a categorical approach rather than inquiring into the particular facts of the case, and ask whether the offense by its nature "creates a substantial risk of the possible use of physical force." Id. at 1313 (emphasis in the original).
 
 
 5
 As the district court noted, the Eighth Circuit has held that statutory rape is a crime of violence. Bauer, 990 F.2d 373, 375 (8th Cir.1993) (Iowa statute prohibiting sexual intercourse with female child under sixteen). The Tenth Circuit also has held that statutory rape is a crime of violence. United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir.1993) (Utah conviction for attempted sexual abuse of a child). Each of these decisions holds that the offense by its nature involves a substantial risk that physical force may be used to ensure the young person's compliance.
 
 
 6
 In light of these decisions, the district court did not err in finding that Perdue's statutory rape conviction was a crime of violence. Perdue argues that his case is distinguishable because force is not an element of the offense under the Virginia statute; however, force is not an element under the Iowa or Utah statutes at issue in Bauer, Rodriguez, or Reyes-Castro. The serious potential risk of force, which is determinative, is present in Perdue's case as in the Tenth Circuit and Eighth Circuit cases.
 
 
 7
 Perdue also argues that his statutory rape conviction should not be considered a crime of violence because under the Virginia statute lighter penalties may apply when the defendant is a minor. However, this provision does not affect the determination that Perdue's prior offense was a crime of violence.
 
 
 8
 Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Perdue was convicted by a jury under VA.Code Ann. Sec. 18.2-73 (Michie 1988), which at the time provided in pertinent part:
 Carnal Knowledge of child between thirteen and fifteen years of age.--If any person carnally know, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a class 4 felony.
 Provided however, if such a child be thirteen years of age or older but under fifteen years of age and consents to the carnal knowledge and the accused be a minor and such consenting child is three years or more the accused's junior, the accused shall be guilty of a Class 6 felony, but if such consenting child is less than three years the accused's junior, the accused shall be guilty of fornication.