# In re B-, Respondent

*Decided March 28, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   The respondent's conviction for second-degree rape under Article 27, section 463(a)(3) of the Annotated Code of Maryland, for which he was sentenced to 10 years' imprisonment, constitutes a "crime of violence" under 18 U.S.C. § 16(b) (1994) and, hence, an "aggravated felony" under section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (1994).

FOR RESPONDENT: Morris H. Deutsch, Esquire, Washington, D.C.

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: William C. Birkett, General Attorney

BEFORE: Board Panel: SCHMIDT, Chairman; HEILMAN and FILPPU, Board Members

HEILMAN, Board Member:

   Before us is a timely appeal from an Immigration Judge's written decision, dated September 11, 1995, finding the respondent deportable as charged under sections 241(a)(1)(B), (2)(A)(iii), and (2)(C), of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(1)(B), (2)(A)(iii), and (2)(C) (1994), and statutorily ineligible for relief from deportation. The sole issue raised on appeal is whether the Immigration Judge correctly concluded that the respondent's April 30, 1993, conviction for second-degree rape in violation of Article 27, section 463(a)(3) of the Annotated Code of Maryland, for which the respondent was sentenced to 10 years' imprisonment, constitutes a "crime of violence" under 18 U.S.C. § 16 (1994) and, hence, an "aggravated felony" under section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1994). We concur with the Immigration Judge's legal conclusion. The appeal will therefore be dismissed.

   The respondent, a native and citizen of Panama, contends through counsel that his second-degree rape conviction is not an aggravated felony and should not, therefore, serve as a bar to applying for asylum and withholding of deportation under sections 208(a) and 243(h)(1) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h)(1) (1994). The respondent argues in his brief that "[a] cursory review of the relevant portion [of the Maryland statute] shows

that there is no element of the crime [of second-degree rape] including the use, attempt to use, or threat to use physical force. "[R]ather," according to the respondent, "the crime is statutory rape, the only elements being the ages of the parties."

The respondent further argues that the Immigration Judge erroneously determined that "the crime of statutory rape, by its nature, involves a *substantial risk* of the use of physical force against the victim." The respondent reasons that "the lack of mental and emotional capacity underlies statutory rape, more usually than the threat or use of force," and that "[b]y the Immigration [Judge's] analysis, the crime of shoplifting would be a 'crime of violence,' in that offenders sometimes turn violent or use force when caught stealing items from a store." We find the respondent's arguments unpersuasive.

Section 101(a)(43) of the Act, as it applies to the respondent,[1] defines the term "aggravated felony" to include, inter alia,

> any crime of violence (as defined in section 16 of Title 18, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act. Such term applies to offenses described in the previous sentence whether in violation of Federal or State law and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years.

The definition of a "crime of violence," in turn, includes:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

According to Article 27, section 463(a)(3) of the Annotated Code of Maryland, "[a] person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person . . . [w]ho is under 14 years of age and the person performing the act is at least four years older than the victim." Thus, as the Immigration Judge and the respondent have concurred, the respondent's offense is essentially that of "statutory rape." The crime is a felony under Maryland law. Md. Ann. Code art. 27, § 463(b) (1995).

As the Immigration Judge correctly noted and the respondent concedes, in order to determine whether the crime of second-degree rape is a crime of

---

[1] Congress expanded the definition of the term "aggravated felony" in the Immigration and Nationality Technical Corrections Act of 1994. *See* section 222(a) of the Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, 108 Stat. 4305, 4320-22 (enacted Oct. 25, 1994) ("1994 Act"). However, the 1994 Act specifies that its amendments to section 101(a)(43) of the Act shall apply only to convictions entered on or after October 25, 1994. Section 222(b) of the 1994 Act, 108 Stat. at 4322.

violence, we look to the statutory definition, not the underlying circumstances of the crime, to make the determination. *United States v. Aragon*, 983 F.2d 1306, 1311 (4th Cir. 1993); *Matter of Alcantar*, 20 I&N Dec. 801 (BIA 1994); *see also Ramsey v. INS*, 55 F.3d 580, 583 (11th Cir. 1995); *United States v. Reyes-Castro*, 13 F.3d 377 (10th Cir. 1993); *United States v. Rodriguez*, 979 F.2d 138 (8th Cir. 1992).

It is the *nature* of the respondent's crime, therefore, i.e., whether the crime involves a substantial risk of physical force, and thus a risk of harm, that is key to the question of whether it is a crime of violence. *E.g., Matter of Alcantar, supra.* Where such a risk is present, the crime is to be considered a crime of violence for purposes of 18 U.S.C. § 16(b) without regard to whether the elements of the underlying offense include use, attempted use, or threatened use of force. *Id.; see also United States v. Bauer,* 990 F.2d 373 (8th Cir. 1993) (per curiam) (holding that statutory rape constitutes a crime of violence regardless of whether the victim consented).

The respondent contends in his brief that the crime of statutory rape, by its nature, does not involve a substantial risk of physical force, but rather only a "lack of mental and emotional capacity" on the part of the victim. We disagree.

We concur with the judgment of the United States Court of Appeals for the Tenth Circuit in *United States v. Reyes-Castro, supra*, that a common sense view of a sexual abuse law, in combination with the legal determination that children are generally incapable of consent, suggests that whenever an older person attempts to sexually touch a child under the age of consent, there is invariably a substantial risk that physical force will be wielded to ensure the child's compliance. *Id.* at 379 (attempted sexual abuse of a child); *see also United States v. Bauer, supra* (statutory rape). The risk of violence is, indeed, "implicit in the size, age, and authority position of the adult in dealing with a child." *United States v. Wood*, 52 F.3d 272, 275 (9th Cir.), *cert. denied*, 116 S. Ct. 217 (1995).

As noted previously, the respondent has been convicted of engaging in vaginal intercourse with a child under the age of 14. *See* Md. Ann. Code art. 27, § 463(a)(3) (1995). For the reasons stated above, we find that unlike shoplifting, the comparative example offered by the respondent, the respondent's crime of rape in the second degree, by its nature, involves a substantial risk of physical force against the child victim.

The federal courts have consistently found crimes of sexual abuse of a child, child molestation, or statutory rape to be crimes of violence under 18 U.S.C. § 16(b). *Ramsey v. INS, supra* (attempted lewd assault on child under age of 16); *United States v. Reyes-Castro, supra* (attempted sexual abuse of child); *United States v. Bauer, supra* (statutory rape); *United States v. Rodriguez, supra* (lascivious acts with a child); *cf. United States v. Wood, supra* (finding indecent liberties with a minor to be a crime of violence under

section 4B1.2 of federal Sentencing Guidelines). They will so be considered by this Board.

We find, for the foregoing reasons, that the respondent's felony conviction for rape in the second degree, as defined by Article 27, section 463(a)(3) of the Annotated Code of Maryland, is a crime of violence. Accordingly, as the respondent was sentenced to a term of imprisonment of at least 5 years for that offense, the respondent has been convicted of an aggravated felony under section 101(a)(43) of the Act and is statutorily precluded from establishing eligibility for either asylum or withholding of deportation. *See* sections 208(d), 243(h)(2) of the Act; *Matter of D-*, 20 I&N Dec. 827, 828-29 n.1 (BIA 1994); 8 C.F.R. §§ 208.14(d)(4), 208.16(c)(2)(ii) (1995).

**ORDER:**     The appeal is dismissed.