# In re S-S-, Respondent

*Decided May 6 , 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Pursuant to section 101(a)(48)(B) of the Immigration and Nationality Act (to be codified at 8 U.S.C. § 1101(a)(48)(B)), an alien's term of imprisonment or sentence is determined for immigration purposes by the period of incarceration or confinement ordered by a court of law, irrespective of whether the sentencing court suspended the imposition or execution of the sentence in whole or in part.

(2) Section 101(a)(48)(B) of the Act took effect on September 30, 1996, and applies to convictions and sentences entered before, on, or after that date.

(3) The respondent's 1993 suspended sentence for an indeterminate term not to exceed 5 years under Iowa law is a sentence to 5 years' imprisonment for immigration purposes and, consequently, satisfies the imprisonment requirements of the deportation charges under sections 241(a)(2)(A)(i) and (iii) of the Act, 8 U.S.C. §§ 1251(a)(2)(A)(i) and (iii) (1994).

(4) The respondent's conviction for terrorism under section 708.6 of the Iowa Code Annotated is a felony involving a substantial risk that physical force may be used against the victim and, therefore, constitutes a "crime of violence" as defined in 18 U.S.C. § 16(b) (1994).

FOR THE RESPONDENT: Joseph Lopez Wilson, Esquire, Omaha, Nebraska

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Paula V. Davis, Assistant District Counsel

BEFORE: Board Panel: HOLMES, FILPPU, and GUENDELSBERGER, Board Members.

HOLMES, Board Member:

The respondent has filed a timely appeal from an Immigration Judge's December 15, 1994, decision finding him deportable as charged and ineligible for the requested relief of asylum and withholding of deportation. The appeal will be dismissed.

## I. BACKGROUND

The respondent is a 30-year-old native and citizen of Laos who entered the United States as a refugee in December 1988. In August 1993, he pleaded guilty to the offense of terrorism, a class "D" felony under Iowa law. The respondent received a suspended sentence for a prison term not to exceed 5

years, and 2 years' probation. In September 1993, he was charged with deportability under section 241(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(i) (Supp. V 1993), as an alien convicted of a crime involving moral turpitude, and under section 241(a)(2)(A)(iii) of the Act, as an aggravated felon. At the deportation hearing on December 15, 1994, the Immigration Judge sustained both charges of deportability. He held that the respondent's indeterminate sentence was, in legal effect, a sentence for the maximum term imposed, 5 years. Moreover, the Immigration Judge concluded that the respondent's aggravated felony conviction made him statutorily ineligible for either asylum or withholding of deportation. The respondent's appeal ensued.

## II. DEPORTABILITY

The respondent's first claim of error on appeal relates to the Immigration Judge's deportability finding. He argues that his suspended sentence for an indeterminate term not to exceed 5 years cannot properly be deemed a sentence of "a year or longer" for purposes of deportability as an alien convicted of a crime involving moral turpitude, or "at least five years" for purposes of deportability as an aggravated felon as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (1994).[1]

In addressing these arguments, our first task is to determine the source of law that will govern in order to decide whether the sentence requirements at issue have been satisfied. While the respondent's appeal was pending before this Board, section 101(a)(48)(B) of the Act (to be codified at 8 U.S.C. § 1101(a)(48)(B)) was created by section 322(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-628 (enacted Sept. 30, 1996) ("IIRIRA"). This amendment provides, in pertinent part:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of

---

[1] During the pendency of the respondent's appeal to the Board, Congress amended section 101(a)(43)(F) of the Act by enacting section 321(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-627 (enacted Sept. 30, 1996) ("IIRIRA"). This amendment, which decreased the imprisonment threshold for crimes of violence from 5 years to 1 year, applies to this respondent's pending deportation appeal. *See* IIRIRA § 321(b), 110 Stat. at 3009- 628 (regarding effective date); *Matter of Yeung,* 21 I&N Dec. 610 (BIA 1996). Section 241(a)(2)(A)(i)(II) of the Act was also amended during the pendency of the appeal by section 435(a) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1274 (enacted Apr. 24, 1996) ("AEDPA"). Under this amendment, an alien is deportable as having been convicted of a crime of moral turpitude if, among other requirements, he or she "is convicted of a crime for which a sentence of one year or longer *may be* imposed." AEDPA § 435(a) (emphasis added). This amendment is not controlling here, however, since it applies only to aliens against whom deportation proceedings were initiated after the AEDPA's April 24, 1996, date of enactment. *See* AEDPA § 435(b), 110 Stat. at 1275.

any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

IIRIRA § 322(a)(1).

There is relevant legislative history on this provision. According to the Joint Explanatory Statement of the Committee of Conference, Congress' specific purpose in enacting section 322(a)(1) of the IIRIRA was to overturn prior administrative precedent holding that a sentence is not "actually imposed" when the court has suspended the "imposition" of the sentence. *See* H.R. Conf. Rep. No. 104-828, *available in* 1996 WL 563320, at 495-97. *See generally Matter of Esposito,* 21 I&N Dec. 1 (BIA 1995); *Matter of Castro*, 19 I&N Dec. 692 (BIA 1988).

Section 322(c) of the IIRIRA, 110 Stat. at 3009-629, contains the express effective date for section 322(a). It states, in pertinent part, that the "amendments made by subsection (a) shall apply to convictions and sentences entered before, on, or after the date of the enactment of this Act."

We accordingly find that section 322(a) of the IIRIRA took effect on September 30, 1996, the date of the IIRIRA's enactment. *See id. See generally Matter of N-J-B-,* 21 I&N Dec. 812 (BIA 1997); *Matter of Yeung,* 21 I&N Dec. 610 (BIA 1996). We find further that section 101(a)(48)(B) of the Act, as created by section 322(a)(1) of the IIRIRA, applies to the respondent's pending deportation case, even though it was not in effect at the time of the Immigration Judge's decision.[2]

In applying section 101(a)(48)(B) of the Act to determine whether the respondent's sentence satisfies the imprisonment components of the deportation charges, we begin by noting that the fact that his sentence was suspended is irrelevant to the analysis, as is the length of time actually served, if any. This is so even if the "imposition" of that sentence was suspended, as is asserted on appeal. Rather, the only relevant inquiry is the term to which the respondent was sentenced by the court.

In this case, the respondent was ordered committed to the custody of the Iowa Department of Corrections for a term not to exceed 5 years. Under Iowa sentencing law, an incarcerated individual remains in the custody of the director of the Department of Corrections until the maximum term of the person's confinement has been completed or until released by order of the Board of Parole, unless the sentencing judge reconsiders the sentence within 90 days from the date the individual begins to serve the sentence of confinement. Iowa Code Ann. §§ 902.3, 902.4, 902.6 (West 1996); *see also State v. Kulish,* 148 N.W.2d 428 (1967) (finding that, under Iowa law, the ultimate determination of the length of sentence within the statutory maximum rests

---

[2] We observe that applying the new amendment to the respondent's conviction does not implicate retroactivity concerns within the meaning of *Landgraf v. USI Film Products*, 511 U.S. 244, (1994). Where, as here, the temporal effect of a statute is manifest on its face, "'there is no need to resort to judicial default rules'" and the inquiry is at an end. *Lockheed Corp. v. Spink,* 517 U.S. 882, 116 S. Ct. 1783, 1786 (1996) (quoting *Landgraf*, 511 U.S. at 280).

with the parole board). There is no indication that the respondent's sentence has been reconsidered pursuant to the time period allotted by the statute.

We agree with the Immigration Judge that the term to which the respondent was sentenced by the court was for the maximum potential term, 5 years. *See Nguyen v. INS*, 53 F.3d 310 (10th Cir. 1995) (concluding that it was reasonable and permissible for the Board to measure an indeterminate sentence by the maximum term of imprisonment for purposes of section 101(a)(43) of the Act); *see also Pichardo v. INS*, 104 F.3d 756, 759 (5th Cir. 1997); *Matter of D-,* 20 I&N Dec. 827, 829 (BIA 1994); *Matter of Chen*, 10 I&N Dec. 671 (BIA 1964); *Matter of Ohnhauser*, 10 I&N Dec. 501 (BIA 1964); *Matter of R-,* 1 I&N Dec. 540 (BIA 1943); *Matter of R-,* 1 I&N Dec. 209 (BIA 1942). We thus find that the respondent's prison sentence satisfies the imprisonment components of both deportation charges.

The respondent also asserts on the Notice of Appeal that the Immigration Judge improperly characterized his offense as a "crime of violence" under section 101(a)(43)(F) of the Act. He does not develop this argument in his appeal brief, apart from stating that the crime occurred when his mental capacity was in a "reduced" state. In order to determine whether the crime of terrorism is a crime of violence, we look to the statutory definition, not the facts underlying the conviction.[3] *See Matter of B-,* 21 I&N Dec. 287 (BIA 1996); *see also United States v. Moore*, 38 F.3d 977 (8th Cir. 1994); *United States v. Bauer,* 990 F.2d 373 (8th Cir. 1993); *United States v. Rodriguez,* 979 F.2d 138 (8th Cir. 1992). We agree with the Immigration Judge that the offense of terrorism, in violation of section 708.6 of the Iowa Code Annotated, is a felony involving a substantial risk that physical force may be used against the victim. Thus, the respondent's offense is a "crime of violence," as defined in the Act, and therefore constitutes an aggravated felony under section 101(a)(43) of the Act.

In sum, we uphold the Immigration Judge's finding that the respondent is deportable as charged under sections 241(a)(2)(A)(i) and (iii) of the Act, as having been convicted of a crime involving moral turpitude and an aggravated felony.

## III. RELIEF FROM DEPORTATION

The respondent's remaining claim of error relates to the Immigration Judge's denial of asylum and withholding of deportation. He asserts, among other things, that his status as an aggravated felon should not bar him from receiving these forms of relief. We disagree.

---

[3] As the Immigration and Naturalization Service notes on appeal, the respondent's conviction became final upon his plea of guilty, and neither the Immigration Judge nor this Board may relitigate the issue of his guilt in these deportation proceedings. *See Matter of Madrigal,* 21 I&N Dec. 323 (BIA 1996); *Matter of Reyes,* 20 I&N Dec. 789, 793 (BIA 1994); *see also Longoria-Castenada v. INS*, 548 F.2d 233 (8th Cir.), *cert. denied*, 434 U.S. 853 (1977).

Since the respondent qualifies as an aggravated felon, he is per se barred from applying for asylum. Section 208(d) of the Act, 8 U.S.C. § 1158(d) (1994); *see also* 8 C.F.R. § 208.14(d)(4) (1996).[4] Moreover, as the respondent's sentence for the aggravated felony conviction was for a term of at least 5 years, he is conclusively disqualified from withholding of deportation. *See* 62 Fed. Reg. 10,312, 10,343-44 (to be codified at 8 C.F.R. §§ 208.16(c)(2),(3)) (interim, effective Apr. 1, 1997); *see also Matter of Q-T-M-T-*, 21 I&N Dec. 639 (BIA 1996); 8 C.F.R. § 208.16(c)(2) (1996).

**ORDER:**　　The appeal is dismissed.

---

[4] We have no authority to entertain the respondent's challenge to the validity of 8 C.F.R. § 208.14. *See Matter of Ponce de Leon*, 21 I&N Dec. 154 (BIA 1996); *Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989).