133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie NOGUERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70572.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 2, 1997.
Dec. 29, 1997.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and WHITE,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Marjorie Noguera petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's order denying her applications for registry and waiver of inadmissibility under sections 249 and 212(h)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. §§ 1259, 1182(h) (1994).
 
 
 4
 The statutory registry provision states that a record of lawful admission for permanent residence may be made for an alien who establishes that she is a person of good moral character. See 8 U.S.C. § 1259(c). An alien may not be found to be a person of good moral character if, during the period for which good moral character is required to be established, that alien "has been confined, as a result of a conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." 8 U.S.C. § 1101(f)(7) (1994).
 
 
 5
 Noguera was convicted of welfare fraud in 1993. She was released from incarceration in June 1994, after serving fifteen months. At the time that the order to show cause with regard to deportation was served, she was on parole, and continued in that status until July 20, 1995. Noguera submitted her application for registry at the deportation hearing on August 24, 1995.
 
 
 6
 The BIA applied its decision in Matter of Sanchez-Linn, 20 I. & N. Dec. 362, 365 (BIA 1991), which held that an alien must show good moral character for a reasonable period of time preceding the application in order to qualify for registry.
 
 
 7
 Petitioner does not dispute that Sanchez-Linn establishes the controlling authority Rather, she contends that the BIA should have been more flexible in her case. She stresses that her crime, although one of moral turpitude, is riot one involving violence, and that the Board should have looked to evidence of her other activities. The requirement that she demonstrate good moral character for some reasonable length of time nevertheless remains an insurmountable barrier. Because Noguera filed her application only one month after her release from correctional restraints imposed as a result of her welfare fraud, she had not demonstrated good moral character for any meaningful period of time whatsoever.
 
 
 8
 The petition for review must therefore be DENIED.
 
 
 
 **
 Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sit king by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3