UNITED STATES of America, Appellee,

v.

Tomas RODRIGUEZ, also known as Tomas Rodriguez–Ledezma, also known as Tomas Ledezma Rodriguez, Appellant.

No. 92–2069.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1992.

Decided Nov. 9, 1992.

[redacted]

[redacted]

Michael J. Burdette, Des Moines, Iowa, argued, for appellant.

Edwin F. Kelly, Asst. U.S. Atty., Des Moines, Iowa, argued (Linda R. Reade, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, Circuit Judge, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Tomas Rodriguez appeals from judgment entered pursuant to Rodriguez's plea of guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326. Rodriguez claims that the district court[1] erred in three respects with regard to sentencing: 1) denying Rodriguez's request for a reduction of his sentence for acceptance of responsibility, 2) enhancing Rodriguez's sentence pursuant to a finding that Rodriguez's prior convictions meet the requirements of U.S.S.G. § 2L1.2(b)(2), and 3) admitting hearsay evidence at the sentencing hearing in violation of the Sixth Amendment. The first and third issues are readily disposed of; the second issue is one of first impression in this circuit and requires some discussion. We affirm the district court in all respects.

I.

In December of 1991 Rodriguez was indicted on charges of being illegally present in the United States, having been previously deported to Mexico. At the sentencing, the court heard evidence regarding Rodriguez's right to a downward adjustment of two levels for acceptance of responsibility, including the testimony of a United States probation officer who conducted a post plea interview with Rodriguez and recommended that he not receive the downward adjustment. Rodriguez testified that he was guilty, that he hoped for forgiveness, and that he promised not to come back again. In its ruling, the court fully credited the probation officer's testimony and expressed concern about Rodriguez's long history of repeated illegal reentries into the United States. (Rodriguez was involved in at least seven previous immigration violations between 1952 and 1983.) The court found that Rodriguez had not demonstrated a recognition of affirmative responsibility or sincere remorse for his crime and, more specifically, found that Rodriguez's conduct in repeatedly reentering the country was not consistent with an award for acceptance of responsibility.

[redacted] This court reviews the district court's finding on acceptance of responsibility with great deference and will only reverse if the court's decision is clearly erroneous. *United States v. Amos,* 952 F.2d 992 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1774, 118 L.Ed.2d 432 (1992); *United States v. Laird,* 948 F.2d 444 (8th Cir.1991). Here, the court considered Rodriguez's past conduct as well as his contemporaneous conduct, and judged his credibility and sincerity. The conclusion that a reduction for acceptance of responsibility was not warranted was certain-

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

ly not erroneous. "A defendant who enters a guilty plea is not entitled to a sentencing reduction under (U.S.S.G. § 3E1.1) as a matter of right." U.S.S.G. § 3E1.1(c). (*See United States v. Burnett*, 952 F.2d 187 (8th Cir.1991)). A defendant's past failure to accept responsibility for his criminal conduct as well as any "demonstrated propensity" to repeatedly commit the same crime can be considered by the court in evaluating a present claim of contrition. *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.1990). Despite Rodriguez's plea of guilty, Rodriguez did not meet his burden of showing sincere remorse and personal acceptance of responsibility. *See United States v. Knight*, 905 F.2d 189, 192 (8th Cir.1990).

## II.

■ The United States Sentencing Guidelines provide for punishment for the illegal entry by a deported alien to be enhanced by the addition of 16 levels pursuant to U.S.S.G. § 2L1.2(b)(2) if the defendant previously was deported after a conviction for an aggravated felony. Application Note 7 to U.S.S.G. § 2L1.2(b)(2) generally defines an aggravated felony as any crime of violence as defined in 18 U.S.C. § 16, for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years; or any attempt or conspiracy to commit any such act. U.S.S.G. § 2L1.2(b)(2), Application Note 7. The crimes described may be in violation of either state or federal law.

"Crime of violence" is defined in 18 U.S.C. § 16 as follows:

a. an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

b. any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

It is a question of first impression in this circuit whether the commission of lascivious acts with a child in violation of Section 709.8 of the Code of Iowa, in the manner Rodriguez admits he committed the crime,

qualifies under the definition of "aggravated felony" set forth in U.S.S.G. § 2L1.2(b)(2), Application Note 7. (Rodriguez stipulated in the instant plea agreement that he had previously pleaded guilty to three separate felony counts of lascivious acts with a child by fondling or touching in or on the genitals or pubes of the three young victims. One of the victims was Rodriguez's ten year old daughter.) Iowa Code § 709.8 provides:

709.8  Lascivious acts with a child.

It is unlawful for any person eighteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:

1. Fondle or touch the pubes or genitals of a child.

2. Permit or cause a child to fondle or touch the person's genitals or pubes.

3. Solicit a child to engage in a sex act.

4. Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.

Any person who violates a provision of this section shall, upon conviction, be guilty of a class "D" felony.

The district court engaged in a legal analysis of the issue, reviewing only the record of the state court proceeding and, in essence, refusing to turn the sentencing hearing into a mini trial of the lascivious acts convictions by calling witnesses and further developing the underlying facts. The court determined that under 18 U.S.C. § 16(b) lascivious acts with a child, committed as Rodriguez did by fondling or touching the pubes or genitals of a child, was a felony offense that by its nature involved a substantial risk that physical force against the person may by used in the course of committing the offense. We review this determination *de novo*, *United States v. Condelee*, 915 F.2d 1206 (8th Cir.1990), and find that the court below was correct in its determination as a matter of law.

A sentencing court is not required to consider the underlying circumstances at the time of the crime in determining that a

defendant has been convicted of a "crime of violence". (*But see United States v. Wright*, 957 F.2d 520 (8th Cir.1992), *petition for cert. filed*, June 22, 1992, stating, in dicta, that the court *may* examine such underlying facts in deciding whether an offense involves conduct that presents a serious potential risk of physical injury to another in the context of the career offender guideline (U.S.S.G. § 4B1.1)). Indeed, the term "by its nature" would be rendered superfluous if the sentencing courts were saddled with the task of examining each individual offense committed to determine whether it actually involved substantial risk of physical force.

In addition, the elements of the underlying offense need not include use, attempted use, or threatened use of force to be considered a "crime of violence" for purposes of 18 U.S.C. § 16(b).[2] Again, it is the *nature* of the crime upon which we must focus our attention. *See United States v. Juvenile Male*, 923 F.2d 614 (8th Cir.1991) (jurisdictional dismissal for transfer of juveniles to adult court involved in commissions of crime of violence), where we noted that the statutory language "may" and "substantial risk" must not be ignored. All crimes which by their nature involve a substantial risk of physical force share the *risk* of harm. It matters not one whit whether the risk ultimately causes actual harm. Our scrutiny ends upon a finding that the risk of violence is present. There is no question that the crime to which Rodriguez admitted, lascivious acts with children of the tender age of ten, is by its nature a crime of violence. This crime should qualify under U.S.S.G. § 2L1.2(b)(2) as a means of sentencing enhancement.

### III.

Last, Rodriguez assigns error to the presentation of allegedly hearsay evidence at the sentencing hearing, urging that he be afforded the opportunity to confront the three young victims at this juncture. This argument is briefly rejected for two reasons. First, the court did not consider the offending evidence in its deliberations.

Second, having stated above that the underlying circumstances of the crime need not be considered, this court need not meet the merits of the argument.

### IV.

For the foregoing reasons, the judgment of the district court is affirmed.

---

**2.** This court, in *Wright*, supra, did consider the elements of the crime of robbery. However, the *Wright* decision was based upon a different definition of "crime of violence" (U.S.S.G. § 4B1.2(1)) and does not preclude us from going beyond the actual elements of a crime.