**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN MANUEL-MEDIANO,

Defendant-Appellant.

No. 98-4084
(D.C. No. 97-CR-406-C)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1991, defendant-appellant Juan Manuel-Mediano was convicted in Utah state court of sexual abuse of a child under Utah Code Ann. § 76-5-404.1(2), and was sentenced to one to fifteen years' imprisonment. Upon his parole in 1994, defendant was deported from the United States. In 1998, he was convicted of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. The district court sentenced defendant to forty-six months' imprisonment, imposing a sixteen level enhancement under U.S.S.G. § 2L1.2 for reentry following deportation after conviction of an aggravated felony.

In this direct appeal, defendant asserts that the district court erred in finding that it lacked discretion to consider the facts of defendant's underlying conviction in making a determination that defendant's conviction was for an aggravated felony. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its underlying findings of fact for clear error. *See United States v. Flores*, 149 F.3d 1272, 1279 (10th Cir. 1998), cert. denied, 119 S. Ct. 849 (1999). We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 2L1.2(b)(1)(A) provides for a sixteen-level enhancement if an alien illegally reenters the United States after he has been deported following a conviction for an aggravated felony. An aggravated felony is defined as, "any crime of violence (as defined in section 16 of Title 18, but not including a purely

political offense) for which the term of imprisonment at least one year." 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. For purposes of the enhancement, sexual abuse of a minor is considered an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(A); *see also United States v. Reyes-Castro*, 13 F.3d 377, 378-79 (10th Cir. 1993) (classifying sexual abuse of a minor under Utah Code Ann. 76-5-404.1(1) as a crime of violence and an aggravated felony).

At sentencing, defendant requested that the court consider the facts of his underlying conviction in its determination of whether his crime constituted an aggravated felony for purposes of the sixteen-level enhancement. The district court declined to do so, opining that it did not have discretion to look to the facts of the underlying conviction used to support the enhancement. *See* R. Vol. II at 8. The court concluded that to do otherwise would be to turn the sentencing into a "minitrial" of the merits of the prior conviction. *Id.* at 7.

The district court's decision is in conformity with the law of this circuit. In *Reyes-Castro*, this court considered an appeal of the district court's denial of the

-3-

defendant's motions to dismiss a charge of illegal reentry or in the alternative to suppress evidence of the defendant's prior deportation. The defendant in *Reyes-Castro* had been previously charged with sexually abusing his twelve-year-old daughter. The defendant argued that his deportation was unfair and a deprivation of his right to judicial review because the Immigration and Naturalization Service improperly classified his state conviction as an aggravated felony. *See* 13 F.3d at 377-78.

The *Reyes-Castro* court agreed with the Eighth Circuit's decision in *United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir. 1992), holding that, in making a determination of whether an offense is a crime of violence, "a court must only look to the statutory definition, not the underlying circumstances of the crime." 13 F.3d at 379; *see also United States v. Frias-Trujillo*, 9 F.3d 875, 877 (10th Cir. 1993) ("There is no indication that Congress intended 'that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case.'") (quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990)); *United States v. Reyna-Espinosa*, 117 F.3d 826, 830 (5th Cir. 1997) (reiterating prior holding that court should not look to facts of underlying conviction to determine whether crime was an aggravated felony under § 2L1.2); *United States v. Amaya-Benitez*, 69 F.3d 1243, 1247-48 (2d Cir. 1995) (same). In *Reyes-Castro,* we concluded that, because sexual abuse of a child includes a

substantial risk that physical force will be necessary to gain compliance of the victim, the crime is a crime of violence under 18 U.S.C. § 16(b). *See id.*

Defendant argues that in *Rodriguez*, the Eighth Circuit cited to dicta from *United States v. Wright*, 957 F.2d 520 (8th Cir. 1992), which would indicate that the court has discretion to examine the facts of the underlying crime in deciding whether the act involves a significant risk of physical harm to the victim. *See Rodriguez*, 979 F.2d at 141. Defendant misunderstands the rationale of the court in *Rodriguez.*

In *Rodriguez*, the court stated that "[a] sentencing court is not required to consider the underlying circumstances at the time of the crime in determining that a defendant has been convicted of a 'crime of violence.'" *Id.* at 140-41. The court then acknowledged contrary dicta in *Wright* indicating "that the court *may* examine such underlying facts in deciding whether an offense involves conduct that presents a serious potential risk of physical injury to another in the context of the career offender guideline (U.S.S.G. § 4B1.1)." *Rodriguez*, 979 F.2d at 141. *Rodriguez* distinguished *Wright* by noting that the *Wright* decision was guided by a different definition of "crime of violence" which permitted the court to look beyond the elements of the crime. *See id.* at 141 n.2. *Rodriguez* then concluded by holding that the phrase "by its nature," found in the statutory definition of a crime of violence in 18 U.S.C. § 16,

would be rendered superfluous if the sentencing courts were saddled with the task of examining each individual offense committed to determine whether it actually involved substantial risk of physical force. . . . All crimes which by their nature involve a substantial risk of physical force share the *risk* of harm. It matters not one whit whether the risk ultimately causes actual harm. Our scrutiny ends upon a finding that the risk of violence is present.

*Id.* at 141. It is this holding that this court adopted and applied in *Reyes-Castro,* 13 F.3d at 379, and it is this holding which we apply here in concluding that the district court did not err in refusing to consider the underlying facts of defendant's state conviction in determining whether he was convicted of an aggravated felony warranting the sixteen-level enhancement mandated by U.S.S.G. § 2L1.2(b)(2).

This is also in conformity with the Supreme Court's rationale in *Taylor v United States*. In *Taylor*, the Court considered the question of whether burglary was a violent felony for purposes of sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In so doing, the Court stated that "the practical difficulties and potential unfairness of a factual approach are daunting." *Taylor*, 495 U.S. at 601. The Court opined that Congress did not intend sentencing proceedings to become retrials of the facts of the underlying conviction, *see id.*, and concluded that the sentencing court, when applying the statute, must "look only to the fact of conviction and the statutory definition of the prior offense" *id.* at 602.

Defendant further asserts that the district court erred in finding that it did not have discretion to consider defendant's arguments for downward departure. We disagree. Here, after hearing arguments from both parties, the district court refused to grant defendant a downward departure. It did not base its decision on a lack of authority to depart downward, but instead carefully examined the circumstances presented by defendant and determined that no departure was in order. *See* R. Vol. II at 9-12. Because the court acknowledged its authority to grant a downward departure, we have no jurisdiction to review its decision refusing to exercise that authority. *See United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge