**Julie Ann BLIND–DOAN,**
**Plaintiff–Appellant,**

v.

**Bron SANDERS, Officer,**
**Defendant–Appellee.**

No. 00–17194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Filed May 28, 2002.

Kevin G. Little, Frampton, Williams & Little, Fresno, CA, for the plaintiff–appellant.

Larry F. Peake, Wall, Wall & Peake, Bakersfield, CA, for the defendant–appellee.

Before REINHARDT, NOONAN and FERNANDEZ, Circuit Judges.

Opinion by Judge NOONAN; Dissent by Judge FERNANDEZ.

## OPINION

NOONAN, Circuit Judge.

Julie Ann Blind–Doan (Doan or the plaintiff) appeals the judgment following jury trial in the Eastern District of California in favor of Bron Sanders (Sanders or the defendant) in her action under 42 U.S.C. § 1983, the Fourth Amendment, and California law. The principal issue on appeal is the in limine exclusion of evidence sought to be offered by the plaintiff on prior sexual assaults by the defendant and of other evidence bearing on the identity and opportunity of the defendant to assault the plaintiff. We hold that the magistrate-judge failed to make a clear record to support his exclusion of the evidence of sexual assault and by this and another ruling on evidence prejudiced the plaintiff. We reverse the judgment of the district court.

## FACTS AND PROCEEDINGS

We begin with the undisputed facts and go on to the facts that Doan unsuccessfully sought to prove. On the evening of Friday, January 31, 1997, the plaintiff and her companion Terry Doan turned themselves in to the Taft City Police after having been told the police were looking for them on a child neglect charge. They were booked and held in the local jail. Sometime early Saturday morning, the plaintiff repeatedly and noisily called out for needed toiletries. Dispatcher Kelly Layton summoned Sanders, a sergeant on the Taft police force, who responded to Doan's requests and eventually allowed her to call her mother. He escorted her back to her cell.

After this point the facts are disputed. Doan's testimony was that Sanders entered her cell, told her he was going to teach her a lesson, overpowered her, and inserted his police baton into her vagina. Sanders denied the assault, testifying that he did enter the cell but did not carry his baton with him or assault her.

Only one other witness observed any part of the contact of Sanders and Doan. This witness was Layton, the dispatcher on duty at the time at a desk with windows on the jail cells and an audio picking up sounds from the cells. Layton testified that she saw Sanders bring Doan back to her cell and that he did not have his baton with him; that she saw no bodily contact between Doan and Sanders; and that she heard no threats from Sanders to Doan. She further testified that Lavanda Fisher, whom Sanders later married, had come into the dispatch area and was waiting for Sanders at the time he was in contact with Doan.

Other witnesses testified to various circumstances supporting or refuting Doan's allegation. For example, plaintiff's witness, Dr. Tony Carey, examined Doan on March 5, 1997 and found a healing process at work in her vaginal area, for which the source injury could have occurred five weeks earlier. Defense witness, Dr. Elliott Schuman, testified there were no objective findings of trauma to the plaintiff's external genitalia. The case depended, however, on whether the jury believed Doan or believed Sanders and Layton.

*The Excluded Evidence.* Doan listed seventeen witnesses who would testify to other, assertedly relevant acts of Sanders. The proffered testimony is reviewed below under Analysis. All of it was excluded in limine on motion by the defendant. The magistrate judge made the exclusion at argument, vaguely identifying why two types of proffered testimony should be excluded. The exclusion was finalized by means of a one-sentence order without findings or any explanation for his decision.

On October 2, 2000, trial began and lasted four days. After two and one-half days of deliberation the jury returned a verdict

for Sanders. On October 11, 2000, judgment was entered in his favor.

Doan appeals.

## ANALYSIS

■ We review the rulings of the district court on evidence for abuse of discretion. *Monotype Corp. v. International Typeface Corp.*, 43 F.3d 443, 448 (9th Cir. 1994). We will reverse if an erroneous ruling more probably than not affected the jury's verdict. *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 887 (9th Cir. 1991). Doan urges the admissibility of her proffered evidence under Fed.R.Evid. 415 and 404(b). We review these contentions in turn.

■ *Evidence of Other Offenses of Sexual Assault.* Under Rule 415, in a civil case predicated on the defendant's alleged commission of an offense of sexual assault, evidence of the defendant's commission "of another offense or offenses of sexual assault" may be considered as provided in Rule 413 and 414. Rule 413 defines an offense of sexual assault to include "a crime under Federal law or the law of a State" that "involved" (1) "any conduct proscribed by chapter 109A ... of United States Code" or (2) "contact, without consent, between any part of the defendant's body or object and the genitalia or anus of another person." Fed.R.Evid. 413(d)(2).

■ Conduct prescribed by chapter 109A "Sexual Abuse" refers to 18 U.S.C. § 2241–2248. We understand Rule 413 to mean acts proscribed by the chapter, whether or not the acts are committed by federal personnel in federal prisons, as the Advisory Committee on Evidence Rules appears to have understood the statute. *See* Recommendations of the Judicial Conference, Historical Note, Rule 413. Evidence proffered by Doan qualifying within this definition was the testimony of Michelle Harris that, "prior to being booked at the Taft jail, Officer Sanders took her into a small room at the jail and tried to get her to have sex with him in exchange for letting her go free." On its face, this testimony pointed to conduct that was criminal under 18 U.S.C. § 2243(b) (attempting to engage in a sexual act with a person detained who is under the authority of the person so attempting) and may have involved conduct criminal under Cal.Penal Code § 289.6 (sexual activity by officer with confined consenting adult).

In *Doe v. Glanzer,* 232 F.3d 1258 (9th Cir.2000), this court set out what a trial court must do in ruling as to evidence proffered under § 415. We recognize that *Glanzer* was filed a month after the trial in the instant case, so that the magistrate-judge was unaware of its requirements. Nonetheless, we see no reason why *Glanzer* should not be applied.

■ *Glanzer* began by recognizing that Rules 413, 414, and 415 were passed to make an exception to Fed.R.Evid. 404, "which imposed a blanket prohibition on propensity evidence." *Id.* at 1268. To be admitted under Rule 415, the evidence must qualify as relevant under Rules 401 and 402, and the trial court must additionally determine under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* The court should consider the similarity of the prior acts to the acts charged; the closeness in time of the prior acts to the acts charged; the frequency of the prior acts; the presence or lack of intervening circumstances; and the necessity of the evidence "beyond the testimonies already offered at trial." *Id.* "In the light of the sensitive nature of the evidence proffered it is important that the district court fully evaluate the factors enumerated above, and others that might arise on a case-by-case basis, and make a clear record concerning its decision whether or not to admit such evidence." *Id.* at 1268–69.

It is apparent that the trial court here did not disclose how it evaluated the factors, and its one-line order of exclusion is not "a clear record" of why it decided as it did.

In addition to proffers under Rules 413 and 415, Doan offered testimony arguably admissible under Rule 404(b), specifically testimony as to Sanders' conduct as a police officer which, if admitted and believed, would have shown Sanders to be a bully, careless about abusing his authority, occasionally violent in its exercise, and bold in his indifference to official rebuke. It would have been character evidence excludable under Rule 404(a).

■ Doan did argue that the proffered testimony was admissible under the exceptions of Rule 404(b) to identify the defendant and to show his opportunity to commit the alleged crime. Identity, however, was not an issue. The defense did not dispute that it was Sanders who escorted Doan to her cell on February 1. Identity evidence would have been redundant.

■ As to opportunity, Sanders testified that he believed that he could be seen from the dispatch area when he was in Doan's cell and that he "had every hope that he was being watched." In the closing argument his counsel argued "the incredulousness" that Sanders would have overpowered Doan for two or three minutes "with two individuals on the other side of this two-way glass, with clear audio going around him." Sanders' opportunity to commit the crime was thus at issue.

Doan proffered the testimony of Yoshihiro Nishide that he was waiting to sign a citation and be released from the Taft jail when Sanders made purposeful attempts to annoy him by knocking on a nearby counter louder and louder. When asked to stop, Sanders replied, "This is my jail." When Nishide mumbled something else, Sanders placed him in wrist locks, first on his right and then his left arm. Nishide refused to sign the citation, and Sanders punched him in the face with a closed fist and then applied a choke hold and a carotid hold. Sanders then asked the sheriff's deputy who was present if she "had a problem" with what had occurred.

■ This evidence tended to render less probable his defense that the presence of a police witness meant he had no opportunity to assault Doan. Its probative value should have been weighed against the danger of "unfair prejudice" to Sanders and the other factors set out in Rule 403. A trial judge allowing evidence under Rule 403 does not need to recite his balancing analysis, *United States v. Rrapi*, 175 F.3d 742 (9th Cir.1999) if we can see from the record that balancing was done. The testimony should not have been excluded by a global ruling that showed no evidence of any balancing by the magistrate judge.

■ Cumulatively, the evidence of the sexual assault offered under rule 415 and the other act evidence offered under Rule 404(b) would probably have affected the verdict of a jury weighing the likelihood of the plaintiff's story. True, none of the excluded evidence involved the use of a police baton. It did involve the use of police authority and so was relevant as defined by Rule 401 and admissible if not "unduly prejudicial." Determination of what would have been "unduly prejudicial" requires a delicate balancing. *Old Chief v. United States*, 519 U.S. 172, 182–83, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In the first instance, the balancing must be undertaken by the trial court and, as far as we can see, was not undertaken here.

For these reasons, the judgment of the district court is REVERSED, and the case is REMANDED.

FERNANDEZ, Circuit Judge, Dissenting.

I dissent because I do not agree that a district court *must* explicitly set out its

thought processes on the record, even if it is "important" that it "make a clear record concerning its decision." *See Doe ex rel. Rudy–Glanzer v. Glanzer,* 232 F.3d 1258, 1268–69 (9th Cir.2000). Once over that hurdle, it is clear to me that the court did not abuse its discretion when it refused to admit the lurid, highly inflammatory, generally irrelevant evidence in question here.[1] While it is not surprising to see it happen, I think it is most unfortunate that the hortatory language of *Glanzer* has now become an absolute rule—so absolute that it is now used to reverse a trial court decision which was made before the opinion even issued.[2]

Therefore, I respectfully dissent.

---

1. The court evenhandedly also kept out similarly lurid evidence about Blind–Doan, her activities, and her credibility.

2. It seems to me that, as is all too often the case, *Glanzer's* hortatory declamation turned a dies juridicus into a dies infaustus.