**Karan PERSAUD, Petitioner,**

**v.**

**Edward J. McELROY, Respondent.**

**No. 01 CIV.2048(JSR).**

United States District Court,
S.D. New York.

Oct. 8, 2002.

Karan Persaud, Beacon, NY, Pro se.

Meagn L. Brackney, Krishna R. Patel, Assistant United States Attorneys United States Attorney's Office for the Southern District of New York, New York City, for Respondent.

## MEMORANDUM ORDER

RAKOFF, District Judge.

On June 24, 2002, the Honorable Debra Freeman, United States Magistrate Judge, issued a thorough Report and Recommendation ("Report") in the above-captioned matter recommending that the petition for a writ of habeas corpus filed by the *pro se* petitioner, Karan Persaud, be dismissed. Thereafter, petitioner filed objections to the Report, to which respondent replied. Accordingly, the Court has reviewed the petition *de novo. See* Fed.R.Civ.P. 72(b).

The pertinent facts are set forth in the Report at 2–5. Petitioner, a native and citizen of Guyana, entered the United States as a lawful permanent resident on December 27, 1983. On July 28, 1999, petitioner was sentenced in New York state court to five years imprisonment on his guilty plea to a charge of assault in the second degree, a violation of Section 120.05 of the New York Penal Law ("NYPL").

On November 29, 1999, the Immigration and Naturalization Service ("INS") commenced removal proceedings against petitioner, alleging that because he had been convicted of an "aggravated felony," he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Subsequently, an INS judge, having determined, *inter alia,* that petitioner's conviction for assault in the second degree was a conviction for an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(F), ordered him deported. Petitioner unsuccessfully challenged this determination with the Board of Immigration Appeals ("BIA"), following which he filed the instant petition. Although he raises several grounds for granting the petition, the only one of even arguable merit is his contention that he was not convicted of an "aggravated felony."

Specifically, as shown by the judgment of conviction that is part of the record here, the crime of which petitioner was convicted was charged under subsection 6 of NYPL § 120.05, which provides in pertinent part that a person is guilty of assault in the second degree when "[i]n the course of and in furtherance of the commission or attempted commission of a felony ... or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants." To determine whether this constitutes an "aggravated felony" for purposes of 8 U.S.C. § 1101(a)(43)(F), one must in turn determine whether it is "a crime of violence ... as defined in section 16 of Title 18 ...." 8 U.S.C. § 1101(a)(43)(F). Section 16 of Title 18 of the United States Code, in turn, defines "crime of violence" as:

(a) an offense that has *as an element* the *use,* attempted *use,* or threat-

ened *use* of physical force against the person or property of another, or

(b) any other offense that is a felony and that, *by its nature,* involves a *substantial risk* that physical force against the person or property of another *may be used* in the course of committing the offense.

18 U.S.C. § 16 (emphases added).

■ Judge Freeman correctly determined that a conviction under NYPL § 120.05(6) is not a "crime of violence" under 18 U.S.C. § 16(a), because a conviction under NYPL § 120.05(6), while requiring proof of physical injury, does not require, as an element of the offense, that the defendant *use* physical force to inflict that injury. *See* Report at 16. For example, as the statutory language suggests, a common violation of NYPL § 120.05(6) occurs when a police officer falls and injures himself while pursuing a fleeing felon.

■ Judge Freeman nevertheless found that a conviction under NYPL § 120.05(6) constitutes a conviction for a "crime of violence" under the alternative definition provided in 18 U.S.C. § 16(b), *i.e.*, an offense that "by its nature" involves a "substantial risk" that physical force "may be used in the course of committing the offense." *See* Report at 19. This conclusion, however, appears inconsistent with the Court of Appeals' decision in *Dalton v. Ashcroft,* 257 F.3d 200 (2d Cir.2001).

■ *Dalton* construed the "by its nature" language of subsection (b), quoted above, to mean that in determining whether a state crime constitutes a "crime of violence" under 18 U.S.C. § 16(b), courts must apply a "categorical" analysis, focusing on "the intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation." *Dalton,* 257 F.3d at 204 (citing *United States v. Velazquez–Overa,* 100 F.3d 418, 420–21 (5th Cir.1996); *United States v. Aragon,* 983 F.2d 1306, 1312 (4th Cir.

1993); *United States v. Rodriguez,* 979 F.2d 138, 140–41 (8th Cir.1992)). Moreover, " 'only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant[.]' " *Dalton,* 257 F.3d at 204. As the foregoing common example of a policeman injured while pursuing a fleeing felon illustrates, the minimum criminal conduct necessary to sustain a conviction under NYPL § 120.05(6) need not be conduct that by its nature presents a substantial risk that physical force may be used by the defendant. Therefore, a conviction under NYPL § 120.05(6) does not constitute a conviction of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) and 8 U.S.C. § 1227(a)(2)(A)(iii).

Accordingly, the petition is granted and the case remanded to the INS for further proceedings consistent with this Memorandum Order. Clerk to enter judgment.

SO ORDERED.