**James Henry WASHBURN, Jr.,
Plaintiff–Appellant,**

v.

**Alex FAGAN, Jr., San Francisco Police
Officer # 1942; Walter Contreras, San
Francisco Police Officer # 1082; City
and County of San Francisco, Defendants–Appellees,**

**James Henry Washburn, Jr.,
Plaintiff–Appellee,**

v.

**Alex Fagan, Jr., San Francisco Police
Officer # 1942; Walter Contreras, San
Francisco Police Officer # 1082; City
and County of San Francisco, Defendants–Appellants.**

Nos. 06–16806, 08–15537.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 26, 2009.

Dennis Cunningham, Esquire, William Gordon Kaupp, Esquire, Ben Rosenfeld, Law Office of Dennis Cunningham, San Francisco, CA, for Plaintiff–Appellant/Plaintiff–Appellee.

Jennifer Choi, Esquire, Sean F. Connolly, Esquire, Trial, Meredith Blagden Osborn, Deputy City, San Francisco City Attorney's Office, David B. Newdorf, Newdorf Legal, San Francisco, CA, for Defendants–Appellees/Defendants–Appellants.

Before: HUG, HAWKINS and TALLMAN, Circuit Judges.

## MEMORANDUM *

James Henry Washburn (Washburn) brought suit against Officer Alex Fagan (Fagan), Officer Walter Contreras (Contreras), and the City and County of San Francisco (the City), alleging liability arising out of his arrest on January 27, 2002.

Washburn alleged that Fagan and Contreras were liable for false arrest and excessive use of force under 42 U.S.C. § 1983 and state law; he also brought a claim against the City under § 1983 for policies, customs, and practices that allegedly resulted in the officers' use of excessive force. The district court granted summary judgment for the officers on both the false arrest claim and on other claims not relevant to this appeal, and it later granted summary judgment for the City on Washburn's claim that he was injured by an unconstitutional City policy, custom, or practice concerning the use of excessive force. Washburn's remaining claims went

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

to trial. After the close of evidence, the district court granted Defendants' motion under Federal Rule of Civil Procedure 50(a) and rendered judgment as a matter of law on Washburn's claim that the officers were liable for civil rights violations under California's Bane Act, Cal. Civ.Code § 52.1. Washburn's excessive force claim went to the jury, and the jury rendered a verdict in favor of Defendants. Defendants filed a bill of costs in the amount of $27,275.05. The district court ultimately entered an order denying costs for Defendants.

Washburn appeals (1) the grant of summary judgment for Fagan and Contreras on his federal and state false arrest and false imprisonment claims; (2) the grant of summary judgment for the City on his claims of municipal liability under 42 U.S.C. § 1983 for unconstitutional policies or practices; (3) the exclusion in the jury trial of "other acts" evidence under Federal Rule of Evidence 404(b); and (4) the grant of judgment as a matter of law in the jury trial for Fagan and Contreras on his California civil rights claim. Defendants appeal the district court order denying costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Summary Judgment: False Arrest and Imprisonment Claims

We review a grant of summary judgment de novo, and may affirm on any ground supported by the record. *Burrell v. McIlroy*, 464 F.3d 853, 855 (9th Cir. 2006). In reviewing the grant of summary judgment, we view the evidence and in the light most favorable to Washburn, the non-

moving party. *See Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996).

The district court properly granted summary judgment for Defendants on Washburn's federal and state false arrest and false imprisonment claims. Based on the undisputed facts available at summary judgment, there was probable cause to arrest Washburn for public intoxication under California Penal Code § 647(f). Public intoxication constituting misdemeanor disorderly conduct occurs where "the arrestee is (1) intoxicated (2) in a public place and *either* (3) is unable to exercise care for his own safety or the safety of others or (4) interferes with or obstructs or prevents the free use of any street, sidewalk or public way." *People v. Lively*, 10 Cal.App.4th 1364, 1368–69, 13 Cal.Rptr.2d 368 (1992).

Here, Washburn admits he was intoxicated and in public. Taking the evidence in the light most favorable to Washburn, he was in the way of oncoming traffic after the light changed and before he returned to the median area. A prudent person observing Washburn's behavior at the intersection would have concluded that there was a fair probability that Washburn was unable to exercise care for his own safety or that he had interfered with the free use of the street. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 976 (9th Cir.2003) ("[P]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that the there was a fair probability that [the suspect] had committed a crime.") (citation and internal quotation marks omitted). Defendants are therefore entitled to summary judgment on Washburn's false arrest claims.[1]

---

1. We are unpersuaded by Washburn's alternative arguments challenging the reasonableness of his arrest.

 Washburn argues that the arrest was effectuated in an "extraordinary manner," render-

ing it unreasonable under the Fourth Amendment. It was not clearly established at the time of Washburn's arrest that the manner of his arrest was extraordinary; therefore, Defendants are entitled to qualified immunity on

## II. *Monell* [2] Claim

■ This court reviews the district court's grant of summary judgment on a claim under *Monell* de novo. *Truth v. Kent Sch. Dist.*, 542 F.3d 634, 641 (9th Cir.2008), *reh'g en banc denied*, 551 F.3d 850 (2008), *petitions for cert. filed*, 11 U.S.L.W. 3531, 3596 (Mar. 10 & Apr. 13, 2009) (Nos.08–1130, 08–1268). Washburn claims that the City is liable for Fagan's and Contreras's use of excessive force where the City allegedly maintained a policy or practice of turning a "blind eye" when officers used excessive force. A unanimous jury found that Fagan and Contreras were not liable under § 1983 for the alleged use of excessive force. This finding moots Washburn's *Monell* claim because it establishes that he was not injured by any alleged police department policy concerning the use of excessive force. *See Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir.1999) ("By finding that officers did not use excessive force against [plaintiffs], the question whether the City had a policy authorizing or condoning the use of excessive force is moot because the plaintiffs suffered no constitutional deprivations.").

## III. Exclusion of Evidence

We review the district court's evidentiary rulings in the jury trial for abuse of discretion. *Blind–Doan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir.2002). Much of the excluded evidence was merely offered to show Fagan's "character ... in order to show action in conformity therewith," an expressly impermissible purpose under Federal Rule of Evidence 404(b). Furthermore, the district court had discretion to exclude the proffered evidence under Federal Rule of Evidence 403 where the court found that the evidence's marginally probative value was substantially outweighed by the danger of unfair prejudice and the consideration of undue delay. The district court, like the court in *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir.2000), cited the appropriate test for the admissibility of "other acts" evidence and was within its discretion when it excluded the evidence.

## IV. Bane Act Claim

■ This court reviews de novo a district court order granting a Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law. *Torres v. City of LA.*, 548 F.3d 1197, 1205 (9th Cir.2008). Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion. *Id.* The Tom Bane Civil Rights Act establishes a private right of action against a person who interferes by threats, intimidation, or coercion with the plaintiffs "exercise or enjoyment" of federal or state rights. Cal. Civ.Code § 52.1. Here, Washburn contends that Defendants interfered

this claim. *See Whren v. United States*, 517 U.S. 806, 818, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (describing searches and seizures carried out in an extraordinary manner); *see also Pearson v. Callahan*, —— U.S. ——, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

Finally, the officers did not violate California law when they declined to cite Washburn in the field and instead brought him to the station for booking. *See* Cal.Penal Code § 853.6(g). Washburn's reliance on California Penal Code § 853.5(a) is misplaced; Washburn was arrested for a misdemeanor

and section 853.5(a) only applies to arrests for infractions. We do not address his argument that he was detained after booking because Washburn waived this contention when he failed to raise it before the district court or in his opening brief. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Co.*, 306 F.3d 806, 820 n. 8 (9th Cir.2002).

**2.** *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

with his liberty interests when they arrested him. Because the arrest was reasonable and supported by probable cause, Defendants did not interfere with Washburn's rights to liberty and freedom of movement. Therefore, judgment was properly granted for Defendants as a matter of law.

## V. Denial of Costs

■ Defendants appeal the district court's order denying costs to Defendants as the prevailing party. "A district court must 'specify reasons' for its refusal to award costs. On appeal, we determine whether the reasons that the district court has specified are appropriate and whether, considering those reasons, the court abused its discretion in denying costs." *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 591–92 (9th Cir. 2000) (en banc) (internal citation omitted).

Here, the district court "specif[ied] reasons" for its refusal to award costs: (1) there is a great disparity in means between Washburn and Defendants; (2) the case raised important issues regarding how the police department dealt with and supervised excessive force incidents; and (3) while Defendants ultimately prevailed, it was a close civil rights case. These are appropriate reasons for denying costs, and the district court did not abuse its discretion in so doing under Federal Rule of Civil Procedure 54(d). *See id.* at 592–93.

**AFFIRMED.**