# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2216

_____

United States of America,

        Appellee,

v.

Karen Diane Hatton,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: January 11, 2010
Filed:  January 19, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

     Karen Hatton pleaded guilty to unlawfully using the access devices of another (credit card fraud) in violation of 18 U.S.C. § 1029(a)(5).  The district court[2] sentenced her to twenty-four months of imprisonment followed by three years of supervise release, denying Hatton's request for acceptance of responsibility under U.S.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Sentencing Guidelines Manual (U.S.S.G.) § 3E1.1. Hatton appeals, contending the district court erred in denying her request for acceptance of responsibility. We affirm.

Hatton's offense conduct consisted of using her employer's credit accounts to charge unauthorized personal expenses. Over the course of less than a year, Hatton made over $89,000 in unauthorized charges. Her plea agreement provided in relevant part that "any actions . . . which become known to the government subsequent to this agreement and are inconsistent with the defendant's acceptance of responsibility, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1."

After Hatton pleaded guilty, the government learned Hatton had been making personal purchases using her mother's credit card, essentially continuing the same pattern of conduct with which she was charged, but substituting her mother's credit card for her employer's. Between November 29, 2007, and January 28, 2009, the balance on the mother's credit card rose from $80.31 to $20,200.10. The abusive use of the mother's credit card continued after Hatton pleaded guilty. In the course of its investigation into the use of the credit card, the government also discovered Hatton had withdrawn more than $42,000 from her mother's certificates of deposit and a savings account. Although Hatton was a trustee of her mother's accounts and therefore authorized to make the withdrawals, the funds in the accounts were intended to provide support for Hatton's seventy-nine year-old mother, and the withdrawals were made without her mother's knowledge. Some of the withdrawals occurred after Hatton pleaded guilty. Based on this conduct, the district court denied Hatton's request for a two-level reduction in the calculation of her advisory Guidelines range under U.S.S.G. § 3E1.1.

"We review a district court's denial of an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1 for clear error." United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005) (citing United States v. Patten, 397 F.3d 1100, 1104-05

(8th Cir. 2005)).  "A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation."  Id. (citing United States v. Arellano, 291 F.3d 1032, 1034 (8th Cir. 2002)).

Hatton argues the district court erred in denying acceptance of responsibility because Hatton was authorized to use her mother's card, and thus her abusive use of the credit card was not "criminal conduct."  Hatton contends § 3E1.1 limits a district court's consideration to criminal conduct.  See U.S.S.G. § 3E1.1 cmt. n. 1 (providing a district court may consider "voluntary termination or withdrawal from criminal conduct or associations").  We disagree.  The list of factors a district court may consider in determining whether a defendant qualifies for acceptance of responsibility is not exhaustive.  See id. ("In determining whether a defendant qualifies [for acceptance of responsibility], appropriate considerations *include, but are not limited to,* the following . . .") (emphasis added).  The abusive use of the mother's credit card was clearly similar to the unlawful manner in which she abused her employer's credit accounts and thus could be considered by the district court.  Cf. United States v. Rodriguez, 979 F.2d 138, 140 (8th Cir. 1992) (holding that defendant's demonstrated propensity to repeatedly commit conduct similar to the charged conduct can be considered by the district court in evaluating defendant's acceptance of responsibility).  We therefore conclude the district court did not clearly err in denying a reduction for acceptance of responsibility.

We affirm.

_____