# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2632
_____

United States of America

*Plaintiff - Appellee*

v.

Leo Berger

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo
_____

Submitted: February 10, 2014
Filed: July 7, 2014
[Unpublished]
_____

Before SMITH, BEAM, and BENTON, Circuit Judges.
_____

PER CURIAM.

Leo Berger appeals the district court's[1] classification of his prior Iowa state conviction for lascivious acts with a child as a crime of violence. Applying controlling circuit precedent, we affirm.

## I. *Background*

In 2002, Leo Berger was convicted of conspiracy to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine to persons under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 859. He was sentenced to 70 months' imprisonment, followed by eight years of supervised release.

In September 2012, Berger was charged in state court with second-degree sexual abuse, in violation of Iowa Code § 709.3. In May 2013, Berger pleaded guilty to two counts of lascivious acts with a child, in violation of Iowa Code § 709.8. The state court sentenced Berger to two consecutive ten-year terms.

Because of Berger's arrest and state conviction, his federal probation officer filed a petition to revoke sentencing with the district court. Berger admitted the allegations in the revocation petition. The district court found that a violation of § 709.8 is a "crime of violence" under this court's precedents and thus a Grade "A" violation under the Sentencing Guidelines. The district court revoked Berger's supervised release and sentenced him to five years' imprisonment, four years running consecutive to his state court sentence. Berger appeals the district court's "crime of violence" ruling.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

II. *Discussion*

"This Court reviews de novo a district court's determination that a conviction constitutes a crime of violence under the sentencing guidelines." *United States v. Tessmer*, 659 F.3d 716, 717 (8th Cir. 2011) (per curiam) (citation omitted). A violation of Iowa Code § 709.8 represents a "crime of violence." *United States v. Rodriguez*, 979 F.2d 138, 140–41 (8th Cir. 1992). The district court applied *Rodriguez*.

Berger concedes that *Rodriguez* is binding precedent but urges this court to reconsider it. Berger correctly states that *Rodriguez* did not apply the "formal categorical" or "modified categorical" approaches to determine whether a violation of Iowa Code § 709.8 is a "crime of violence." Those approaches were developed in the *Taylor v. United States* line of cases,[2] most of which post-date our decision in *Rodriguez*. Berger requests that we look at *Rodriguez* anew in light of intervening Supreme Court precedent.

Iowa Code § 709.8 provides:

1. It is unlawful for any person sixteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:

a. Fondle or touch the pubes or genitals of a child.

b. Permit or cause a child to fondle or touch the person's genitals or pubes.

---

[2]*Descamps v. United States*; 133 S. Ct. 2276 (2013); *Begay v. United States*, 553 U.S. 137 (2008); *Shepherd v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990).

c. Cause the touching of the person's genitals to any part of the body of a child.

d. Solicit a child to engage in a sex act or solicit a person to arrange a sex act with a child.

e. Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.

2. a. Any person who violates a provision of this section involving an act included in subsection 1, paragraph "a" through "c", shall, upon conviction, be guilty of a class "C" felony.

b. Any person who violates a provision of this section involving an act included in subsection 1, paragraph "d" or "e", shall, upon conviction, be guilty of a class "D" felony.

"[A] 'child' is any person under the age of fourteen years." Iowa Code § 702.5.

A class "C" felony is punishable by up to ten years' imprisonment. Iowa Code § 902.9.1(d). A class "D" felony is punishable by up to five years' imprisonment. Iowa Code § 902.9.1(e). Berger's ten-year sentences indicate that he pleaded guilty to violations of subsection (a), (b), or (c). Consequently, we need only determine whether subsections (a)–(c) represent crimes of violence.

Under the Sentencing Guidelines, a crime qualifies as a "crime of violence" if it is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2. In *United States v. Dawn*, we considered Arkansas Code Annotated § 5-14-125(a)(3) (2002). 685 F.3d 790 (8th Cir. 2012). Arkansas's statute substantially resembles the Iowa statute in relevant part. The Arkansas statute provides, in part, that "[a] person commits sexual assault in the second degree if the person. . . [b]eing eighteen (18) years of age or

older, engages in sexual contact with the sex organs of another person, not the person's spouse, who is less than fourteen (14) years of age."[3] Ark. Code Ann. § 5-14-125(a)(3) (2002). We reasoned that "sexual contact between parties of differing physical and emotional maturity carries a substantial risk that physical force may be used in the course of committing the offense." *Dawn*, 685 F.3d at 796 (quotation, alteration, and citations omitted). Consequently, we held that a conviction under the Arkansas statute was for a "crime of violence" under the Sentencing Guidelines. *Id.* Given the similarities between the Iowa and Arkansas states, we apply our holding in *Dawn* and conclude that a violation of subsection (a), (b), or (c) of Iowa Code § 709.8.1 is a "crime of violence" under the Guidelines. The district court thus did not err.

III. *Conclusion*

Accordingly, the judgment of the district court is affirmed.

_____

---

[3]Arkansas defines "sexual contact" as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(10). This definition would cover all of the prohibited contact in subsections (a)–(c) of Iowa Code § 709.8.