**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30159 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00056-SPW-1 |
| v. | |
| GARRETT DEAN DOOR, Sr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 7, 2016[**]
Portland, Oregon

Before:  O'SCANNLAIN, CLIFTON, and NGUYEN, Circuit Judges.

Garrett Dean Door, Sr., appeals his convictions following a jury trial.  At

trial, the government offered evidence from seven witnesses, including the victim

Jane Doe and M.H., the survivor of a 2009 misdemeanor sexual assault to which

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Door pled nolo contendere.[1]  Door argues that M.H.'s testimony about the 2009

sexual assault should not have been admitted under Federal Rules of Evidence 413

and 403.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review de novo both the district court's interpretation of the Federal

Rules of Evidence, *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011), and

whether particular evidence falls within the scope of a given rule.  *United States v.*

*Garrido*, 596 F.3d 613, 616 (9th Cir. 2010).  If the challenged evidence falls within

the rule's scope, the district court's decision to admit the evidence is reviewed for

abuse of discretion.  *Id*.; *U.S. v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001).

Although Door acknowledges that Rule 413 permits evidence of a

defendant's propensity to commit the sexual assault of which he is accused, *see*

*United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010), he argues that

the evidence of his punching M.H. in 2009 shows *only* his propensity to commit

violence.  Door's argument is belied by the plain language of Rule 413, which

expressly permits the admission of evidence of sexual assaults that involve

physical force.  *See e.g.* Fed. R. Evid. 413(d)(1) (defining "sexual assault" to

---

[1] Door does not dispute that his 2009 misdemeanor sexual assault conviction under Mont. Code Ann. §45-5-201 meets the definition of sexual assault as set forth in Rule 413(d).

2

include "any conduct prohibited by 18 U.S.C. chapter 109A," which in turn includes 18 U.S.C. § 2241(a)(1)); *see also U.S. v. H.B.*, 695 F.3d 931, 936 (9th Cir. 2012) (18 U.S.C. § 2241(a)(1) has as an element the use of "physical force"). The district court therefore did not err in admitting M.H.'s testimony about Door's conduct during the 2009 sexual assault.

Door next argues that, even if admissible under Rule 413, M.H.'s testimony should have been excluded under Rule 403. To determine whether to exclude under Rule 403 evidence that is admissible under Rule 413, we consider the following non-exhaustive factors, of which only the first and last are in dispute on this appeal: (1) similarity of the other acts to the acts charged; (2) closeness in time of the other acts to the acts charged; (3) frequency of the other acts; (4) presence or lack of intervening circumstances; and (5) necessity of the evidence beyond the testimonies already offered at trial. *See U.S. v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001); *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir. 2002) (applying factors in Rule 403 analysis of admissibility of evidence under Rule 413 and, in turn, Rule 415).

The district court did not abuse its discretion in finding similarity between the 2009 sexual assault and the charged offense for the reasons the district court

3

provided.  In addition, in both cases Door was able to get the victims alone by capitalizing on their generosity, obtaining a ride from Jane and an invitation to a friend's apartment from M.H.

Door contends that the two offenses are dissimilar because their similar acts occurred in a different order and at different locations.  The difference Door identifies is one of *opportunity*, not actions.  Door was interrupted in 2009 by a neighbor during his sexual assault of M.H, whereas in 2014, no one came to Jane's aid on the remote road that Door told her to drive down.  Door cites no authority for the proposition that, under Rule 403, an incomplete sexual assault is dissimilar to a completed one that occurs at a different location, and our precedent suggests otherwise.  *See Sanders*, 291 F.3d at 1081–83 (reversing a jury verdict in favor of a police officer who allegedly sexually assaulted the plaintiff with a baton in her cell because it was error to exclude another woman's testimony that, before booking her, the same officer took her to a room and tried to have sex with her in exchange for her freedom).

Finally, Door challenges the necessity of the evidence.  Evidence of other acts "need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *LeMay*, 260 F.3d

at 1029.  Here, the evidence was necessary because Door attacked Jane's credibility both by presenting a theory of the case that contradicted her testimony and by suggesting she was impaired by marijuana.  Door testified that, other than oral sex, he did nothing like what Jane described in her testimony.  This testimony was foreshadowed by his attorney's opening statement and witness cross-examinations, which reflect a theory of the case that Jane smoked marijuana, engaged in consensual sex acts, and was punched fewer times than she claimed.  Door clearly put Jane's credibility at issue.  Moreover, his theory of the case rested on the jury doubting Jane and there were no eyewitnesses who could corroborate her testimony.  *See LeMay*, 260 F.3d 1029 (upholding admission of similar prior crime because the defendant "attacked the credibility" of his accusers and thereby "capitalized on the lack of eyewitness and expert testimony").

Finally, the district court was not required to accept Door's alternative proposal to sanitize M.H.'s testimony by excluding testimony that Door punched her.  Doing so would hamstring the government by preventing it from offering a coherent explanation of the 2009 incident and confuse a jury by making the 2009 incident seem less similar—and thus less relevant—to the charged crime.  As we have recognized in rejecting similar arguments, the "relevance of the prior act

5

evidence [i]s in the details." *See LeMay*, 260 F.3d at 1029 (rejecting defendant's argument that conviction should have been offered in lieu of testimony).

**AFFIRMED.**