**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEWAYNE BEARCHILD,

        Plaintiff-Appellant,

  v.

LARRY PASHA, Sgt.,

        Defendant-Appellee,

 and

KRISTY COBBAN; et al.,

        Defendants.

No.   21-35768

D.C. No. 6:14-cv-00012-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted June 6, 2023
Seattle, Washington

Before: SCHROEDER, CALLAHAN, and BEA, Circuit Judges.

On November 3, 2013, Sergeant Larry Pasha conducted a pat-down search

of inmate Dewayne Bearchild. Bearchild filed this action alleging that the search

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violated his rights under the Eighth Amendment. After the Ninth Circuit vacated an initial jury verdict in favor of Pasha, *Bearchild v. Cobban*, 947 F.3d 1130, 1135 (9th Cir. 2020) (*Bearchild I*), a second trial resulted again in a jury verdict in Pasha's favor. Bearchild filed a timely appeal contending that the district court erred in excluding evidence of two other incidents of pat-down searches conducted by Pasha, which purportedly amounted to sexual assaults, and in failing properly to instruct the jury on the elements Bearchild needed to prove to prevail on his Eighth Amendment sexual claim under *Bearchild I*. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

**1.** In "deference to a district court's familiarity with the details of the cause and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). We review evidentiary rulings for abuse of discretion and will reverse only if the error was prejudicial. *C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014) (en banc).

The district court excluded evidence concerning certain pat-down searches conducted by Pasha, subsequent to the claimed incident, on November 10, 2013, and June 27, 2017. Bearchild asserts that this evidence was admissible pursuant to Federal Rule of Evidence 415 as evidence of other purported sexual assaults committed by Pasha. Bearchild further contends that the district court, in

excluding the evidence pursuant to Federal Rule of Evidence 403,[1] did not properly apply the test set forth in *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082–83 (9th Cir. 2002).

The district court adequately considered the factors set forth in *Blind-Doan* in excluding the evidence and provided a sufficient explanation for its decision. Although the excluded reports and testimony contain some allegations that Pasha's pat-down searches constituted sexual assaults, the evidence also reflects that Pasha consistently performed more thorough pat-down searches than other officers, that the searches were not conducted in a sexual manner, and that while some officials thought Pasha's searches went too far, the searches were not ultimately deemed to have been improper. Had the district court admitted the incident reports and testimony concerning the two incidents not at issue in this case, it would have opened the door to collateral issues such as whether Pasha's searches were consistent with prison guidelines and whether certain officers were motivated by personal grievances when they objected to Pasha's searches. Furthermore, in the context of the district court's pretrial evidentiary ruling, which deemed fourteen

---

[1] Federal Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

internal prison reports regarding Pasha's searches admissible, the court's admission of six of the seven reports actually proffered by Bearchild at trial, and the testimony of Bearchild's eight witnesses, the district court's exclusion of evidence concerning the November 10, 2013, and June 27, 2017, incidents was not prejudicial. Thus, Bearchild has failed to demonstrate that the district court abused its discretion when it excluded evidence pursuant to Federal Rule of Evidence 403. *United States v. Hinkson*, 585 F.3d 1247, 1262–63, 1267 (9th Cir. 2009) (en banc).

**2**. We review de novo whether a jury instruction misstates the law; such an error warrants reversal unless the error was harmless. *Harrington v. Scribner*, 785 F.3d 1299, 1306 (9th Cir. 2015). If there is an error, "the non-moving party bears the burden of establishing that it is more probable than not that a properly instructed jury would have reached the same verdict." *Frost v. BNSF Ry. Co.*, 914 F.3d 1189, 1194 (9th Cir. 2019) (cleaned up). However, we review "the formulation of jury instructions for abuse of discretion in a civil case, considering the instructions as a whole." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1074 (9th Cir. 2016).

In *Bearchild I*, we held that where a prison official had a legitimate penological justification to initiate a search of an inmate, the inmate nonetheless has a viable Eighth Amendment claim if he can prove that the official touched him "in a sexual manner or otherwise engaged in sexual conduct for the staff member's

4

own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild I*, 947 F.3d. at 1144. This standard was fairly set forth in Instruction 10, which was specifically cross-referenced in the first question on the jury verdict form. The jury is presumed to have followed these instructions. *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009). Thus, even assuming that the first question on the jury verdict form could have been more artfully drafted, asking the jury whether "Defendant Larry Pasha act[ed] without penological justification during the pat search of Plaintiff Dewayne Bearchild" did not improperly require Bearchild to show that Pasha did not have a legitimate reason to search him to prevail on his Eighth Amendment sexual assault claim. Rather, in line with our holding in *Bearchild I*, the instruction cross-referenced by the first question in the verdict form informed the jury that Bearchild needed to prove only that the manner in which Pasha conducted the search was sexual or for the purpose of humiliating Bearchild. Thus, the jury instructions and verdict form, taken as a whole, properly instructed the jury on the law. *Castro*, 833 F.3d at 1074. The district court did not err in its formulation of the jury instructions.

The district court's judgment entered upon the jury's verdict in favor of Pasha is **AFFIRMED**.